CASTEVENS *v.* STATE.

Opinion delivered July 2, 1906.

1. INSTRUCTION—ASSUMPTION OF DISPUTED FACT.—Where the court, in a prosecution for larceny of a bicycle, fully instructed the jury that they must not convict unless they were satisfied of defendant's guilt beyond a reasonable doubt, an instruction that, "in arriving at

the value of the bicycle, you are not to consider the value of the wheel in its present condition. but you must base your verdict upon its value at the time it was stolen" was not erroneous as assuming that the wheel was stolen by defendant. (Page 455.)

2. CRIMINAL LAW—ERROR IN ADMITTING EVIDENCE—PREJUDICE.—Under Kirby's Digest, § 2229, providing that no judgment in a criminal case shall "be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits," a conviction will not be set aside for error in admitting hearsay evidence of a fact which was proved by competent evidence. (Page 455.)

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*C. V. Teague,* for appellant.

1. It was error to instruct the jury that in arriving at the value of the bicycle they were not to consider its value at the time of the trial, but must base their verdict upon its value at the time it was stolen—thereby assuming that there had been a larceny of a bicycle, and that the one in court was the one that had been stolen. 14 Ark. 286; *Ib.* 530; 16 Ark. 568, 593; 18 Ark. 521; 20 Ark. 171; 24 Ark. 540; 36 Ark. 117.

2. The court erred in admitting hearsay testimony.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. The hearsay testimony complained of was improperly admitted; but, in view of the fact that five other witnesses positively identified the wheel, it can not be said to have prejudiced the appellant.

2. Taken alone, the instruction complained of was objectionable; but, when read in connection with other instructions given, the error was cured. 69 Ark. 558.

HILL, C. J. Appellant was tried and convicted on the charge of stealing a bicycle, the property of Cleveland Smith.

The State's evidence tended to prove that a bicycle was stolen from Smith, that it was found in possession of appellant, that it had been mutilated by appellant to change its appearance, and that it was over the value of ten dollars. A bicycle found in possession of appellant was brought into court, and witnesses identified it as Smith's by various marks and peculiarities distinguishing it, one of which was a wire nail inserted in a broken

rivet in the chain. The evidence of the appellant tended to prove that he had bought the wheel in question before Cleveland Smith lost his, that it was not the Cleveland Smith wheel, that it was of little value in its present condition, and if in good condition was worth less than ten dollars. Two errors are alleged to have been committed.

1. The court gave this instruction: "You are instructed that, in arriving at the value of the bicycle, you are not to consider the value of the wheel in its present condition, but you must base your verdict upon its value at the time it was stolen."

This instruction is criticised as assuming that there had been larceny of a bicycle, and that the one in court was the stolen one. Standing alone, it does carry such impression; but, read in connection with the other instructions, that impression is removed. The jury were fully instructed that they must not convict unless they were satisfied beyond a reasonable doubt that the wheel was stolen, and that appellant was the person who actually stole it. The jury were cautioned against attaching undue force to unexplained possession of recently stolen goods and in other ways the rights of the appellant were carefully preserved, and the true issue sent to the jury. This instruction only went to the ascertainment of the grade of larceny in the event the appellant was found guilty. While this should have been more clearly shown, yet, taken in connection with the other instructions, it is sufficiently plain to save it from misleading a jury of average intelligence.

2. Ben Rush, a witness for the State, had worked for Cleveland Smith's father, and had ridden Cleveland's wheel, and he was called to inspect the wheel in court. He could not positively identify it, but said it looked like Cleveland's, and he found a nail in the chain. He said that at one time he had found Cleveland with his wheel broken down, and the next time he saw the wheel he (Cleveland) had pieced the chain with a nail. His failure to positively identify it as Smith's was fully brought out on cross-examination. On re-direct this occurred: "You mean to say that you did not know the nail was there before it was stolen?" "No, sir; I did not know it was there; just had Cleveland's word for it." Appellant moved the court to exclude what Cleveland had said, and the court refused. The court should have excluded

it, but is it prejudicial error? Rush had previously stated that he knew the wheel had broken down, and had said in that connection that Cleveland pieced it with a nail. Then the cross-examination and this re-direct examination developed the fact that he had intermingled a statement from Cleveland with his own knowledge. This broke the force of his evidence on the identification from the nail. Of course, the court should have pointed out the hearsay, and told the jury to disregard it. Cleveland Smith had testified in detail about fixing the nail in the link of the chain, and this evidence merely showed that the witness derived his knowledge of the nail from Smith, and not from his own observation.

The Criminal Code fixes the errors of law appearing to a defendant's prejudice which constitute cause for reversal, which, so far as pertinent here, is as follows:

"An error of the circuit court in admitting or rejecting important evidence." Kirby's Digest, § 2605.

This evidence, as shown, could not be considered important. It is further provided in the Criminal Code that no indictment is insufficient, nor can the trial, judgment or other proceeding thereto be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits. Kirby's Digest, § 2229. Applying this provision to the two errors found, it is held that they did not prejudice any substantial rights of the appellant on the merits of his case, and the judgment is affirmed.