GREEN *v.* STATE.

Crim. 3800

Opinion delivered June 20, 1932.

*Gordon B. Carlton,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

McHANEY, J. Appellant was convicted on an indictment for robbery of the Bank of Horatio, and sentenced to ten years in the penitentiary. · The only error complained of here is that the indictment does not allege facts sufficient to constitute the offense of robbery, and that his demurrer thereto should have been sustained. The indictment reads as follows: ''The grand jury of Sevier County, in the name and by the authority of the State of Arkansas, accuse Fulton Green of the crime of robbery committed as follows, to-wit: The said Fulton Green in the county and State aforesaid, on the 10th day of April, A. D. 1931, unlawfully, wilfully, feloniously, violently and forcibly from the Bank of Horatio, Arkansas, a corporation, against its will and by intimidation did rob, steal, take and carry away $6,737.19 in gold, silver and paper money, lawful and current money of the United States of America and of the value of $6,737.19, the personal property of the said Bank of Horatio, Arkansas, a corporation, against the peace and dignity of. the State of Arkansas.''

By § 2410, Crawford & Moses' Digest, robbery is defined as follows: ''Robbery is the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of the intimidation is not material, further than it may show the intent of the offender.''

The argument made against the above indictment is that it fails to name a natural person as the one from whom the property was taken by force or intimidation, and it is further urged that a corporation is incapable of feeling or expression and cannot be intimidated or put in fear. It is true the indictment alleges that the money was taken forcibly from the Bank of Horatio, a corporation, against its will and by intimidation, etc, but a corporation acts through its agents, and if the agents of the corporation were put in fear and the property was taken from them "unlawfully, wilfully, feloniously, violently and forcibly * * * and by intimidation," we think it would be unnecessary to name the particular agent or person in charge of the property of the corporation in the indictment. The statute as above quoted provides that such a taking from the "person" of another is robbery. Section 9732 of the Digest provides that "the word person includes a corporation as well as a natural person." Other sections of the digest, 3012, 3013, provide for the requisites and sufficiency of indictments. Section 3014 provides: "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." The fact that the indictment failed to name any particular natural person in charge of the funds of the bank that was held up and robbed by appellant could not tend to the prejudice of his substantial rights. It was sufficient to charge that the bank, a corporation, was robbed since the corporation is a "person" within the meaning of the statute and may be the subject of robbery the same as a natural person.

The demurrer was therefore properly overruled, and the judgment of conviction must be affirmed. It is so ordered.