Nobles *v.* State.

Crim. 3893.

Opinion delivered July 2, 1934.

R. S. *Wilson*, for appellant.

*Hal L. Norwood*, Attorney General, and *Robert F. Smith*, Assistant, for appellee.

Johnson, C. J. Appellant was indicted by the Crawford County Grand Jury as follows:

"The grand jury of Crawford County, in the name and by the authority of the State of Arkansas, accuse George Fain and Skip Nobles of the crime of robbery committed as follows, to-wit: The said George Fain and Skip Nobles, in the county and State aforesaid, on the 13th day of January, A. D. 1934, wilfully, unlawfully, feloniously, forcibly and of their malice aforethought, did make an assault upon one Albert Rich and wilfully, unlawfully, forcibly, feloniously and against his will did rob, take and steal $25, gold, silver and paper money of the

United States of America, of the value of $25, and the personal property of the said Albert Rich, and against the peace and dignity of the State of Arkansas."

Upon trial to a jury, appellant was convicted as charged in the indictment, and was sentenced to three years in the State penitentiary, and this appeal is prosecuted to reverse this judgment of conviction.

Prior to trial and conviction, appellant brought into question the legal sufficiency of the indictment by demurrer, and after conviction the same question was raised by motion in arrest of judgment. The demurrer and motion in arrest of judgment being overruled, appellant saved exceptions, and this is the first question presented for consideration.

We think the indictment was sufficient when measured by the rule announced by us in *Green* v. *State*, 185 Ark. 1098, 51 S. W. (2d) 511, wherein we determined that an indictment for robbery which alleged that the defendant violently and forcibly against its will and by intimidation did rob, take and carry away a certain sum of money, was sufficient to charge robbery under the statutes of this State.

It is next insisted that the trial court erred in permitting a witness, Mrs. Reed, to detail a certain conversation between witness and one George Fain which occurred the day following the commission of the alleged offense. This testimony was to the effect that George Fain told witness that he had had some trouble with his brother and wanted to go away until it quieted down. This testimony, although immaterial, was not prejudicial to appellant, and we cannot reverse because of it. *Castevens* v. *State*, 79 Ark. 453, 96 S. W. 150.

Appellant next urges that the verdict of the jury and the judgment of the court were contrary to the law and the evidence. This contention is grounded upon the proposition that the evidence upon behalf of the State does not show that the alleged offense was committed within three years prior to the returning of the indictment. The evidence upon behalf of the State shows that the alleged offense was committed on the 12th or 13th day

of January, and no question was raised as to the year in which it occurred. It must be remembered that venue need not be established beyond a reasonable doubt, but may be proved by a preponderance of the testimony. *Cuzic* v. *State,* 152 Ark. 230, 237 S. W. 1094. Even so, in the matter of the time when the offense was committed, this may likewise be established by a preponderance of the evidence. Section 577, 16 C. J. 771. Viewed in this light, the jury was fully warranted in finding that the 12th or 13th day of January, as detailed by State witnesses, was the 12th or 13th day of the last January preceding the trial which would have been within the requisite time.

Appellant also complains that the court erred in refusing to give his requested instructions Nos. 4, 5 and 6. The instructions given by the trial court fully covered all issues of fact presented by the evidence, and we cannot say that the court erred in refusing to give additional instructions on the same issues. Moreover, these requested instructions were fully covered by instructions given by the court.

No error appearing, the judgment is affirmed.