## Richmond

GEORGE JOHNSON, III v. COMMONWEALTH OF VIRGINIA.

January 20, 1975.

Record No. 740099.

Present, All the Justices.

*Albert L. Fary, Jr.,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

George Johnson, III (Johnson or defendant) was convicted by a jury of robbery and his punishment was fixed at a term of 20 years in the penitentiary. He was sentenced accordingly by the trial court.

The evidence establishes that Johnson and Richard Morris entered an office of the Portsmouth Gas Company on the afternoon of February 6, 1973. Morris, armed with a pistol, seized Mrs. Betty Lou Cherry, a saleslady employed by the gas company, who was near the front of the salesroom-office, and forced her to accompany the robbers to the cashier's office at the rear of the salesroom-office. Mrs. Cherry and two cashiers, Mrs. Joyce English and Miss Diane King, were "forced down" to the floor at gunpoint. After taking $2,700.00 in currency from the cash drawers and placing it in a paper bag, the robbers fled the premises. Johnson and Morris were subsequently captured

after their car wrecked during a high speed chase by the police. The stolen money was recovered.

The indictment charged Johnson with robbing Mrs. Cherry of $2,700.00, "the property of Portsmouth Gas Company." Mrs. Cherry was a saleslady and her duties did not include receiving or handling company money. Payments to the company were received by either Mrs. English or Miss King, who were responsible for accounting to their employer for these receipts.

The defendant contends here, as he contended below, that he cannot be convicted of robbing Mrs. Cherry because she had "no control, care, custody, possession, or possessory right over the money" which was taken in the robbery. To support this argument defendant points to the testimony of Mrs. Cherry that she had "nothing to do with the money," that it was not in her possession and that she was not responsible for it.

Robbery, in Virginia, is a common law crime, *Butts* v. *Commonwealth*, 145 Va. 800, 811, 133 S.E. 764, 767 (1926), for which the punishment is fixed by statute, Code § 18.1-91. Robbery is a crime against the person. *Falden* v. *Commonwealth*, 167 Va. 542, 545, 189 S.E. 326, 328 (1937). Robbery at common law is defined as the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. The phrase ". . . of the personal property of another, from his person or in his presence . . ." has been broadly construed to include the taking of property from the custody of, or in the actual or constructive possession of, another. *Durham* v. *Commonwealth*, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973).

In the commission of robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber. The very fact that property is taken from a person by the use of firearms, violence or threatened violence, is, within and of itself, sufficient to show that the person from whom it was taken was in possession thereof. *Barfield* v. *State*, 137 Tex.Crim. 256, 261, 129 S.W.2d 310, 313, 123 A.L.R. 1093, 1097 (1939).

While Mrs. Cherry's duties did not include the collection of and accounting for the company's funds, she was an employee of

the company and the law imposed upon her a duty of fidelity to her employer. This duty would include reasonable diligence on her part to protect the company's property from damage or larceny by strangers.

Here the defendant and his fellow robber found it necessary to subject Mrs. Cherry, as well as the two cashiers, to violence and threats of violence to accomplish the goal of appropriating the money belonging to the gas company. The property was taken at gunpoint from Mrs. Cherry's presence.

In these circumstances, Mrs. Cherry's right to possession of company money was clearly superior to that of the robbers. Accordingly, we deem Mrs. Cherry to have had the necessary constructive possession of the money to support Johnson's conviction.

*Affirmed.*