## Richmond

## CLIFTON DOUGLAS CRAWFORD V. COMMONWEALTH OF VIRGINIA.

January 14, 1977.

Record No. 760501.

Present, All the Justices.

*Richard H. Boatwright (Smith & Hoss,* on brief), for plaintiff in error.

*Alan Katz, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Clifton Douglas Crawford was found guilty of robbery under an amended indictment and sentenced to confinement in the penitentiary for a period of 15 years. The sole issue on appeal is the sufficiency of the original indictment which charged that in the County of Prince William, Virginia, on the 16th day of August, 1975, "Clifton Douglas Crawford did unlawfully and feloniously rob The Southland Corporation, t/a 7-11 Store of United States currency having a value of $256.39, against the

peace and dignity of the Commonwealth, in violation of § 18.1-91 of the 1950 Code of Virginia, as amended."

At the outset of the trial the court asked if there were any amendments to the indictment, and the Commonwealth's Attorney responded in the negative. One Wendal Wilkie Barker, an employee of The Southland Corporation, was then called as a witness on behalf of the Commonwealth. He testified that on August 16, 1975, the defendant Crawford took from him at gunpoint approximately $130 of his employer's money and $15 of his own. At the conclusion of Barker's testimony, the Commonwealth's Attorney moved to amend the indictment by inserting the words "Wendal Barker, an employee of" between the word "rob" and the words "The Southland Corporation". The amendment was permitted over defendant's objection. Defendant was again arraigned, and defense counsel was given the opportunity to reexamine defendant under the amended indictment.

The trial judge, in permitting the amendment, observed that he was satisfied the amendment made no change in the actual nature of the crime charged. He then advised the defendant and his counsel that if they were "surprised" and not prepared to proceed further "under the amended indictment" a continuance would be granted. This offer was refused. At the conclusion of the Commonwealth's case, the defendant offered no evidence in his own behalf and renewed his objection to the action of the court in permitting the indictment to be amended.

Defendant argues that the original indictment, purporting to charge Crawford with the crime of robbery, failed to allege that the money was taken from the person of another and that lacking this element the indictment was fatally defective because it charged no crime. "Consequently, because the indictment found by the grand jury stated no offense and was invalid, it necessarily follows the trial court had no power to amend the indictment. . . . The conviction on the amended indictment was therefore void." *Wilder* v. *Commonwealth*, 217 Va. 145, 148, 225 S.E.2d 411, 414 (1976).

Robbery in Virginia has been repeatedly defined as a common law crime, *Butts* v. *Commonwealth*, 145 Va. 800, 811, 133 S.E. 764, 767 (1926), against the person, *Falden* v. *Commonwealth*, 167 Va. 542, 545, 189 S.E. 326, 328 (1937), for

which the punishment is fixed by statute, Code § 18.1-91.[1] In *Johnson* v. *Commonwealth*, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975), we said:

"Robbery at common law is defined as the taking, with the intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation. The phrase '... of the personal property of another, from his person or in his presence ...' has been broadly construed to include the taking of property from the custody of, or in the actual or constructive possession of, another. *Durham* v. *Commonwealth*, 214 Va. 166, 168, 198 S.E.2d 603, 605-06 (1973).

"In the commission of robbery the property must be taken by force and violence, not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber. The very fact that property is taken from a person by the use of firearms, violence or threatened violence, is, within and of itself, sufficient to show that the person from whom it was taken was in possession thereof. *Barfield* v. *State*, 137 Tex. Crim. 256, 129 S.W.2d 310, 313, 123 A.L.R. 1093, 1097 (1939)."

In *Falden* v. *Commonwealth, supra*, we reversed a judgment convicting the defendant on an indictment which charged conspiracy "to rob a certain United States mail truck", stating that robbery is a crime against the person. We held: "It is unnecessary to emphasize the fact that the truck referred to in the alleged indictment was an inanimate thing, and therefore, incapable of being *robbed*." 167 Va. at 546, 189 S.E. at 328. The distinction between *Falden* and the instant case is that here the indictment does not charge that a store, an inanimate thing, was robbed. It charges the robbery of a corporation which can only act through persons — its agents, servants, employees and officers.

---

[1] Code § 18.2-58 (Repl. Vol. 1975), formerly § 18.1-91 (Supp. 1975), provides:

*"Robbery*

**"How punished.** — If any person commit robbery by partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm or by the threat of presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony and shall be punished by confinement in the penitentiary for life or any term not less than five years. . . ."

The Court in *Green v. State,* 185 Ark. 1098, 51 S.W.2d 511 (1932), was faced with an indictment for the robbery of "the Bank of Horatio, Arkansas, a corporation". While in Arkansas the crime of robbery is defined by statute, the elements thereof are substantially identical to those of common law robbery in Virginia. In *Green* the Court emphasized Arkansas' statutory provision that "person includes a corporation as well as a natural person",[2] and said:

"[A] corporation acts through its agents, and, if the agents of the corporation were put in fear and the property was taken from them 'unlawfully, wilfully, feloniously, violently and forcibly * * * and by intimidation,' we think it would be unnecessary to name the particular agent or person in charge of the property of the corporation in the indictment. . . ." 185 Ark. at 1099, 51 S.W.2d at 512.

■ Virginia Code § 19.2-220, dealing with criminal procedure generally, provides as follows:

"**Contents of indictment in general.** — The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment or information may use the name given to the offense by the common law, or the indictment or information may state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged. (1975, c. 495.)"

Rule of Court 3A:7, which concerns "the indictment and the information", follows substantially the language of Code § 19.2-220 except that it provides that in describing the offense charged the indictment shall also cite "the statute or ordinance that defines the offense or, if there is no defining statute or ordinance, prescribes the punishment for the offense".

Effective January 1, 1972, Rules were adopted by this Court

---

[2] Virginia Code § 1-13.19 provides: "The word 'person' may extend and be applied to bodies politic and corporate as well as individuals. (Code 1919, § 5; Code 1950, § 1-13; 1950, p.22.)"

covering criminal practices and procedure in courts in Virginia. Rule of Court 3A:2 provides, in part:

"These rules are intended to provide for the just determination of criminal proceedings. They shall be interpreted so as to promote uniformity and simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. Errors, defects, irregularities or variances that do not affect substantial rights shall not constitute reversible error."

Simply stated, the issue is whether the offense of robbery was sufficiently stated in the original indictment, keeping in mind that an indictment must give the accused notice of the nature and character of the offense charged so that he can make his defense. The indictment in the instant case correctly names the accused, Crawford. It describes the offense charged as "rob The Southland Corporation of United States currency having a value of $256.39". It specifically refers to Code § 18.1-91, which section concerns only the crime of robbery. It identifies the county in Virginia in which the accused committed the offense as Prince William. It recites that the accused committed the offense on August 15, 1975, a day definite. Further, the indictment is substantially in the form suggested by the Rules of this Court.[3]

It is clear from a reading of the indictment that the defendant was charged with the commission of only one offense and that was robbery, a crime for which he could be punished only as provided in Code § 18.2-58.[4] A store empty of persons cannot be robbed. It can be burglarized and larceny can be committed therein. But the defendant was not indicted for breaking and entering or for larceny. When the indictment charged that the defendant robbed The Southland Corporation of $256.39, it in

---

[3] Attached to Rule of Court 3A is an appendix of forms, including the following suggested form to be used in Virginia charging the crime of robbery:

"Robbery

"On or about ................, 19.... in the County (City) of ...................., ................. did rob one ...................... of ......................
(Name of Accused)           (Name of Victim)           (Describe Property)
having a value of about $................
Va. Code § 18.2-58."

[4] Formerly Code § 18.1-91.

effect charged that he committed robbery by putting the agents of the corporation in fear and taking its money from their personal protection and in their presence.

While the amendment permitted by the trial court was desirable and properly allowed, it was not essential for the purpose of fully acquainting the defendant Crawford with the fact that he was charged with a particular robbery and if found guilty would be punished as provided by the only section in the Code of Virginia which prescribes a penalty for the crime of robbery. The original and unamended indictment returned by the grand jury did that.

The judgment of the lower court is

*Affirmed.*