COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


STEVEN THOMAS WATERS
                                           OPINION BY
v.  Record No. 2613-97-1          JUDGE JAMES W. BENTON, JR.
                                         FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                Fred W. Bateman, Judge Designate

          Sydney K. L. West (Horne, West and McMurtrie,
          P.C., on brief), for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     Steven Thomas Waters appeals from convictions for robbery,

statutory burglary, and conspiracy to commit robbery.  He

contends the robbery indictment was defective, that the evidence

was insufficient to prove robbery, and that the burglary and

conspiracy convictions must fail because they are dependent upon

the sufficiency of the evidence to prove robbery.  For the

reasons that follow, we affirm the convictions.

                              I.

     Marie Smith, who was a manager at a Pizza Hut restaurant at

the time of the events at issue, testified that Steven Thomas

Waters and Philip Danforth, an employee of the restaurant, told

───────────────
     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

her they intended to rob employees of the restaurant. They asked for her cooperation and assured her that she would not be harmed.

Several weeks later, on a Saturday night, Smith learned that Waters would commit the robbery that night. Smith was in the restaurant with Danforth, Brett Cahoon, who was training to be a manager, and William Richardson, who had formerly worked at the restaurant and managed another Pizza Hut restaurant.

After the restaurant closed at 11:00 p.m., Smith left a door unlocked to facilitate Waters' entry into the restaurant. Waters entered the restaurant wearing a hooded sweatshirt drawn around his face and displaying a knife. Waters put the knife close to Richardson's face and ordered everyone to move toward the rear of the restaurant. During the commotion, Waters cut Richardson's chin. When they arrived at the rear of the restaurant, Waters locked Cahoon, Danforth, and Richardson in a closet and ordered Smith to remain outside the closet. Accompanied by Waters, Smith opened the safe and put money from the safe into a bag. Smith also opened the cash registers. After Waters left the restaurant with approximately $2,400, Smith opened the closet to release the three people and activated an alarm.

Later that night, Smith and Danforth left the restaurant together. Danforth stopped and telephoned Waters at a hotel. Danforth then drove Smith home. A few weeks later, Waters gave Smith and Danforth $1,000 of the money.

The trial judge convicted Waters of robbery, statutory

burglary, and conspiracy to commit robbery.

II.

One indictment charged that "Waters did unlawfully and feloniously rob Pizza Hut, Gloucester Pt., Virginia" in violation of Code § 18.2-58. Relying upon Falden v. Commonwealth, 167 Va. 542, 189 S.E. 326 (1937), Waters contends the indictment was defective because the victim of a robbery cannot be an inanimate object. Although Waters objected before the verdict was rendered, see Code § 19.2-227, the Commonwealth argues that we should not reach the merits of this claim because Waters failed to earlier object as required by Rule 3A:9(b)(1).

In pertinent part, Rule 3A:9(b)(1) provides that "[d]efenses and objections based on defects . . . in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion made [before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial]." See also Rule 3A:9(c). By its explicit terms, the Rule excepts from its time requirement an objection based on the claim that the indictment fails "to charge an offense." Rule 3A:9(b)(1).

> In Falden, the Supreme Court ruled as follows:
> The fatal defect in the indictment is that it does not charge a crime. The offense which was intended to be charged was robbery. The alleged offense charged is a conspiracy entered into between the accused and others for the purpose of robbing a certain United States mail truck.
> There is in Virginia no such crime as statutory robbery.

- 4 -

<u>Falden</u>, 167 Va. at 545, 189 S.E. at 327-28.  This is precisely the type of claim Waters made when he objected to the indictment prior to the verdict.  We, therefore, conclude that Waters' objection was not untimely.

The Commonwealth next argues that the indictment was not defective because it satisfied the requirements of <u>Crawford v. Commonwealth</u>, 217 Va. 595, 231 S.E.2d 309 (1977).  In <u>Crawford</u>, the indictment charged that the accused "rob[bed] the Southland Corporation, t/a 7-11 Store of United States currency."  <u>Id.</u> at 595, 231 S.E.2d at 309.  The Supreme Court distinguished that indictment from the one it declared defective in <u>Falden</u>.  The Court stated "that [in <u>Crawford</u>] the indictment does not charge that a store, an inanimate thing, was robbed.  It charges the robbery of a corporation which can only act through persons -- its agents, servants, employees and officers."  217 Va. at 597, 231 S.E.2d at 310-11.  The Supreme Court also noted that, at the time of the offense, the Code of Virginia had a statutory provision that extended the word "person" to include "bodies . . . corporate."  <u>Id.</u> at 598 n.2, 231 S.E.2d at 311 n.2.  <u>See also</u> <u>Alger v. Commonwealth</u>, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994) (noting that "[a] corporation may be the 'victim' of a robbery, although the agents or employees are the direct victims").

We must decide in this appeal whether the charge that Waters "rob[bed] Pizza Hut, Gloucester Pt., Virginia" is more analogous

to "robbing a certain United States mail truck," <u>Falden</u>, 167 Va. at 543, 189 S.E. at 326, or to "rob[bing] the Southland Corporation, t/a 7-11 Store," <u>Crawford</u>, 217 Va. at 595, 231 S.E.2d at 309. We conclude this case is analogous to <u>Crawford</u>.

As the Supreme Court observed in <u>Falden</u>, robbery is a common law crime in Virginia and "is a crime against the person." 167 Va. at 545, 189 S.E. at 328. <u>See</u> <u>also</u> <u>Jones v. Commonwealth</u>, 26 Va. App. 736, 738, 496 S.E.2d 668, 669 (1998). As did the Court in <u>Crawford</u>, we also note that the current Code of Virginia broadly defines "'person' . . . [to] include any individual, corporation, partnership, association, company, business, trust, joint venture or other legal entity." Code § 1-13.19. Although the indictment against Waters does not specify whether "Pizza Hut, Gloucester Pt., Virginia" is a corporation, we conclude that it minimally provided notice to Waters that the entity is a business. The indictment charged the robbery of a business entity, "which can only act through persons -- its agents, servants, employees and officers." <u>Crawford</u>, 217 Va. at 597, 231 S.E.2d at 310-11.

We concede that the indictment in this case comes uncomfortably close to alleging "that a store . . . was robbed," a charge which the Supreme Court implied might be defective. <u>Id.</u> However, because the indictment in this case named the entity, <u>i.e.</u>, "Pizza Hut, Gloucester Pt., Virginia" and because the definition of "person" under Code § 1-13.19 is broader than when

- 6 -

Falden and Crawford were decided, see 1988 Acts of Assembly, c. 36, we conclude that the offense of robbery was sufficiently stated in the indictment. When the indictment charged that Waters robbed the "Pizza Hut, Gloucester Pt., Virginia," it charged, in effect, that he robbed the agents of that business entity.

III.

Waters also contends the evidence was insufficient to convict him of robbery because the money was taken only from Smith, his co-conspirator, and the taking was not accomplished by placing Smith in fear. We disagree with that view of the evidence.

"Robbery at common law is defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964). Recently, we applied the well established principle that "[w]hen [an accused] takes property 'from the presence of a person whose right to possession is superior to that of the [accused], the robbery is complete.'" Lebedun v. Commonwealth, 27 Va. App. 697, 718, 501 S.E.2d 427, 437 (1998) (citation omitted). See also Johnson v. Commonwealth, 215 Va. 495, 496, 211 S.E.2d 71, 72 (1975).

Although Waters focuses his analysis upon Smith's role in assisting him to take the restaurant's money, the evidence

clearly proved that Waters used violence and intimidation to secure Cahoon in the closet as a means of facilitating the taking of money. Holding a knife close to Richardson and using the threat of injury to Richardson, Waters forced Cahoon and two other persons to enter the closet. Cahoon, a manager trainee, was an employee of the restaurant and had earlier deposited money in the restaurant's safe. As an employee, Cahoon had a duty to exercise "reasonable diligence . . . to protect the company's property from damage or larceny by strangers." Id. at 497, 211 S.E.2d at 73. Thus, the evidence was sufficient to prove beyond a reasonable doubt the elements of robbery. See id. at 496-97, 211 S.E.2d at 72-73; Lebedun, 27 Va. App. at 718-19, 501 S.E.2d at 437-38.

                                IV.

Waters further contends the evidence was insufficient to prove conspiracy to commit robbery and burglary (entering the building with intent to commit robbery). However, this contention is contingent upon Waters' ability to successfully establish either that the robbery indictment was defective or the evidence was insufficient to prove robbery. Because we affirm the robbery conviction, Waters' contention lacks merit.

Accordingly, we affirm the convictions.

                                                    Affirmed.