COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


JASON WILLIAM ANDERSON

                                                        OPINION BY
v.        Record No. 1581-07-1              JUDGE LeROY F. MILLETTE, JR.
                                                        AUGUST 5, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          A. Joseph Canada, Jr., Judge

              Gregory B. Turpin (Clarke, Dolph, Rapaport, Hull, Brunick &
              Garriott, P.L.C., on brief), for appellant.

              Eugene Murphy, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Jason William Anderson (appellant) was convicted in a bench trial of conspiracy to

commit robbery in violation of Code §§ 18.2-22 and 18.2-58, robbery with the use of a gun or a

simulated gun in violation of Code § 18.2-58, and use of a firearm in the commission of robbery

in violation of Code § 18.2-53.1.  On appeal, appellant challenges the sufficiency of the evidence

to support his convictions, arguing the Commonwealth failed to establish that violence or

intimidation was used to accomplish an unlawful taking, failed to establish specific intent to

commit robbery, and failed to establish conspiracy to commit robbery.  Finding insufficient

evidence for a robbery conviction, we reverse appellant's convictions for robbery and use of a

firearm in the commission of robbery.  We affirm appellant's conviction for conspiracy to

commit robbery, as there is ample evidence in the record to support a finding of guilt, and

remand for a new sentencing proceeding on conspiracy.

## I.  BACKGROUND

On November 18, 2006, appellant and Edward Rinehart (Rinehart), employees of Dick's Sporting Goods (Dick's), were on duty.  Appellant called Corey Edwards (Edwards), also a Dick's employee, in the morning and said "it was time," there was "enough money, and . . . [Edwards] should come get it."  Edwards told appellant he was sleeping and to call him later.  Approximately one to one and a half hours later, appellant called Edwards again and said they had an hour to rob Dick's.  Edwards recruited Noel McBride (McBride) to simulate a holdup at the cash register manned by appellant.  McBride entered Dick's wearing a hooded sweatshirt and a bandana over his face.  McBride made eye contact with Rinehart, turned his back to Rinehart, then walked sideways to the cash register.  McBride, with his back still to Rinehart, drew an air pistol from his waistband, pointed it at appellant, and demanded cash from the register.  Appellant put cash into a shopping bag and handed it to McBride, after which McBride immediately exited Dick's.  During the commission of the feigned holdup, Rinehart walked towards McBride until he saw McBride brandish the gun.  At that point, Rinehart halted and stood approximately 15 feet behind McBride, with a children's baseball bat display separating them.  Rinehart did not move from that position until after the hold up was completed, and McBride never turned back around towards Rinehart nor did he point the air pistol at anyone but appellant.

Trial was held on March 28, 2007.  At trial, Edwards testified that he and appellant "had talked previously about possibly robbing Dick's Sporting Goods."  Edwards further testified that about a week or two prior to November 18, 2006, he spoke with appellant and McBride together about carrying out a robbery of Dick's.  Edwards had also spoken with appellant alone about robbing Dick's.  When asked whether their plans involved the use of a gun, Edwards testified: "[Appellant] said that it would be easy.  We could go in there, just show them the gun, and it

would be simple as one, two, three to threaten somebody and get us some money." The

Commonwealth's direct examination of Edwards continued as follows:

> [Commonwealth's attorney] Okay. And did you - - At that time you're talking about this did you or [appellant] talk about where a gun might be obtained or what kind of gun would be used?
>
> [Edwards] He said he could get one from a friend . . . .
>
> [Commonwealth's attorney] When you were talking about this, were you talking about a look-alike gun or a real gun?
>
> [Edwards] No. A real gun.
>
> [Commonwealth's attorney] A real gun.
>
> [Edwards] Uh-huh.

The trial judge found appellant was involved in a conspiracy to commit robbery, stating,

"there's no doubt in my mind that there was a conspiracy to rob Dick's Sporting Goods."[1] The

trial judge also found appellant guilty of robbery with the use of a gun or a simulated gun and

use of a firearm in the commission of robbery. This appeal followed.

## II. ANALYSIS

When considering sufficiency claims on appeal, this Court "reviews the evidence in the

light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987). "[W]e 'presume the judgment of the trial court to be correct' and reverse only if the trial

court's decision is 'plainly wrong or without evidence' to support it." Seaton v. Commonwealth,

42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004) (quoting Kelly v. Commonwealth, 41 Va. App.

250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

---

[1] The trial judge did not find appellant to be a credible witness: "So from everything I've heard, I just do not place a lot of credibility in [appellant's] testimony . . . ."

In Virginia, robbery is a common law crime proscribed statutorily by Code § 18.2-58 and defined as the "'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, *by violence or intimidation*.'" Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008) (quoting Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964)) (emphasis added). The act of violence or intimidation must precede, or be concomitant with, the taking. Bivins v. Commonwealth, 19 Va. App. 750, 752, 454 S.E.2d 741, 742 (1995). To sustain a robbery conviction, force or intimidation must be *directed at the person of the victim.* Spencer v. Commonwealth, 42 Va. App. 443, 449, 592 S.E.2d 400, 403 (2004); Jordan v. Commonwealth, 2 Va. App. 590, 595, 347 S.E.2d 152, 155 (1986) ("The focus must be upon the actions directed toward *the person* robbed. The offense of robbery requires a theft and force or intimidation directed against a custodian of personal property.").[2]

> Intimidation is defined as "unlawful coercion; extortion; duress; putting in fear." "To take or attempt to take, 'by intimidation' means willfully to take, or attempt to take, by putting in fear of bodily harm." Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm.

Bivins, 19 Va. App. at 752-53, 454 S.E.2d at 742 (citations omitted).

> [W]here the victim's fear results from the taking itself, the taking is not accomplished through intimidation. The crime committed is larceny, not robbery. Whether the subjective fear induced by the accused's actions facilitated the taking or merely resulted from the taking will depend on the facts of the individual case. The intent of the accused, if it is merely to take, while not determinative, is a factor in this calculus.

Id. at 753-54, 454 S.E.2d at 743 (citations omitted).

---

[2] On brief, the Commonwealth acknowledged that "[appellant] may be correct that the 'intimidation that must be proved to sustain a conviction for robbery must be directed at the person of the victim,'" (quoting Winn v. Commonwealth, 21 Va. App. 179, 182, 462 S.E.2d 911, 912 (1995)), but contends that such intimidation is present here.

The taking in this case was not accomplished by violence or intimidation directed at Rinehart, who the Commonwealth alleges to be the victim. Rinehart testified that McBride's only contact with him was brief eye contact, which occurred before McBride arrived at the cash register and brandished the gun. Thereafter, McBride remained with his back to Rinehart without even so much as a glance over his shoulder in Rinehart's direction. McBride did not point the air gun towards Rinehart. Rinehart testified that when McBride pulled the gun out of his waistband, Rinehart "stopped right where [he] was," approximately 15 feet behind McBride, "[b]ecause there was a weapon involved" and its presence gave him some concern. When McBride exited Dick's, Rinehart "followed at a safe distance" to keep an eye on McBride while Rinehart was on the phone with a 911 dispatcher. It is clear from the record that Rinehart's subjective fear induced by McBride's actions did not *facilitate* the taking, but merely *resulted from* the taking. Id. at 754, 454 S.E.2d at 743. No force or intimidation was *directed at* Rinehart's person. Spencer, 42 Va. App. at 449, 592 S.E.2d at 403. Although the Commonwealth contends Rinehart was a custodian of the property of Dick's, Rinehart was never at the cash register or otherwise in a location where the property would be taken from his person or in his presence. In each case cited by the Commonwealth where a robbery conviction was upheld, violence or intimidation was directed at the victim.[3] As no violence or intimidation was

---

[3] See Commonwealth v. Jones, 267 Va. 284, 286, 591 S.E.2d 68, 70 (2004) (defendant pointed a firearm at victim when victim tried to thwart the taking and said, "You better back . . . off me."); see also Johnson v. Commonwealth, 215 Va. 495, 211 S.E.2d 71 (1975) (defendant, armed with a pistol, seized victim and forced her to the cashier's office, then down to the floor at gunpoint); Seaton, 42 Va. App. at 743, 595 S.E.2d at 11 (defendant approached victim and said, "This is a bank robbery. Give me all your money," then warned victim "had ten seconds to put the money in the bag," creating a situation described by a witness as "very intimidating."); Clay v. Commonwealth, 30 Va. App. 254, 516 S.E.2d 684 (1999) (*en banc*) (defendant pointed a gun at victim while confederate conducted a "patdown" of victim); Waters v. Commonwealth, 29 Va. App. 133, 510 S.E.2d 262 (1999) (defendant, wielding a knife, ordered victim to move to the rear of the restaurant and, holding the knife close to another person, forced victim into a closet); Jordan v. Commonwealth, 2 Va. App. 590, 347 S.E.2d 152 (1986) (defendant, with a handgun drawn, ordered one victim to put cash from a register into a bag and another victim to hand over

directed at Rinehart to accomplish the taking, appellant's conviction for robbery is unfounded. We therefore reverse appellant's conviction for robbery with the use of a gun or a simulated gun and, finding no robbery, we likewise reverse his conviction for use of a firearm in the commission of robbery.

However, there is ample support in the record for the trial court's determination that appellant conspired to rob Dick's, notwithstanding his failure to carry out a robbery. When there is evidence to support a conviction, this Court must not substitute its own judgment for that of the fact finder, even if we might have reached a different conclusion. See Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998). We must instead ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "'Conspiracy requires . . . (1) an agreement between two or more persons, which constitutes the act; and (2) an intent thereby to achieve a certain objective[,] either an unlawful act or a lawful act by unlawful means.'" Charity v. Commonwealth, 49 Va. App. 581, 586, 643 S.E.2d 503, 505 (2007) (quoting Hix v. Commonwealth, 270 Va. 335, 347, 619 S.E.2d 80, 87 (2005)). When the parties *agree* to commit an offense, they have committed the crime of conspiracy, regardless of whether an act in furtherance of the underlying crime has been performed. Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000).

The evidence showed that Edwards and appellant agreed to rob Dick's and had discussed how to accomplish the robbery on several occasions. Edwards specifically testified that appellant said "[they] could go in [Dick's], just show *them* the gun, and it would be simple as one, two, three to *threaten somebody and get us some money*." (Emphasis added). Edwards'

money from his pockets, then ordered both to an office where one victim was further ordered to open a safe and put its contents in the bag).

testimony was sufficient proof of an explicit agreement between Edwards and appellant to carry out a taking of Dick's property, with the intent to steal, and to do so by violence or intimidation directed at whomever might pose an obstacle to the taking. Based on this evidence, a rational fact finder could have found, beyond a reasonable doubt, the existence of a conspiracy between Edwards and appellant to rob Dick's.

## III. CONCLUSION

For the reasons stated above, we reverse appellant's convictions for robbery and use of a firearm in the commission of robbery. We affirm appellant's conviction for conspiracy to commit robbery and remand for sentencing on conspiracy.[4]

<u>Affirmed in part,</u>
<u>reversed and dismissed in part,</u>
and remanded in part.

---

[4] The sentencing order imposed "[i]ncarceration in the Virginia Department of Corrections for the term of: 5 years on the charge on [sic] Conspiracy, 7 years on the charge of Robbery with Use of a Gun or Simulated Gun, and 3 years on the charge of Use of A Firearm in the Commission of A Felony." The trial court conditionally suspended all but three years of the sentences, without specifying the charge(s) to which the suspension applied.

The appropriate sentence for appellant's conspiracy conviction is unclear considering the reversal of the robbery and use of a firearm in the commission of robbery convictions, and the vagueness of the sentencing order. On remand, the trial court must therefore impose a new sentence.

- 7 -