CLAIR SOLIMAN

v.

NADER SOLIMAN

No. 0866-89-4

Decided April 2, 1991

COUNSEL

Clair Soliman, pro se.

Stanley P. Klein (Klein and Greenspun, on brief), for appellee.

OPINION

**KEENAN, J.**—Clair Soliman (wife) appeals from the entry of a final decree awarding Nader Soliman (husband) a divorce on the grounds of cruelty. On appeal, she argues that the trial court lacked jurisdiction to enter the final decree because: (1) she did not request that the bill of complaint be served on the husband; and (2) she did not receive notice of the commissioner's hearing. Although we find that the husband was properly served with the bill of complaint, we find that the wife was not properly served with notice of the commissioner's hearing. Accordingly, the final decree of divorce is vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion. Since the remaining issues raised by the wife on appeal pertain to the final decree, we do not reach them here.

The parties were married in 1978. On June 2, 1987, the wife, by counsel, filed a bill of complaint seeking a divorce on the grounds of mental and physical cruelty. She requested that the court award her spousal support and custody of the minor child, and sought equitable distribution of the parties' property. On June 12, 1987, the wife's counsel was granted leave to withdraw. The wife did not obtain counsel and thereafter proceeded pro se.

The husband filed an answer on June 25, 1987. Proof of service of the bill of complaint on the husband was not completed until

June 2, 1988, indicating that service was made on that day. The husband filed a cross-bill on June 3, 1988. The wife filed an answer to the cross-bill on June 24, 1988. In the answer, the wife indicated her address as 8350 Greensboro Drive, Apartment 326, McLean, Virginia, 22102.

A decree of reference was entered on July 15, 1988. A notice of commissioner's hearing was mailed to the wife at the above address on November 14, 1988, indicating a hearing date of December 13, 1988. That hearing date was later changed pursuant to court proceedings on December 2, 1988. A subsequent notice of commissioner's hearing was mailed to the wife at the same address advising her of the new January 26, 1989 hearing date. In addition, on December 14, 1988, the husband's counsel mailed notice to the wife at the Greensboro Drive address of his intent to present evidence at the January 26, 1989 commissioner's hearing. The wife failed to appear at the January 26, 1989 hearing.

The commissioner filed his report with the court on March 1, 1989 and mailed a copy to the wife at the Greensboro Drive address. In the report, the commissioner stated that written notice of the hearing was mailed to the wife. An amended commissioner's report, correcting typographical errors, was filed on March 17, 1989 and a copy was again mailed to the wife.

The wife filed a notice with the court on March 24, 1989 of her intent to present a motion for exemptions [sic] to the commissioner's report on March 31, 1989. On that date, the wife stated to the trial court that she intended to call witnesses to disprove things that were said at the commissioner's hearing. The husband's counsel objected, arguing that the wife had not filed exceptions to the commissioner's report within the required ten-day period. The court denied the wife's motion, finding that her exceptions were not timely filed and that the exceptions were not appropriate. An order embodying this ruling was entered on April 26, 1989.

A final decree of divorce was entered on April 7, 1989. The wife endorsed the final decree as follows: "SEEN: /s/ Clair Soliman, Clair Soliman, Complainant/Cross-Defendant, Pro Se." Handwritten below the endorsement was the following: "Did not receive a Notice of the Commissioner's hearing." The wife filed a motion to reconsider on April 18, 1989 and was advised by the court to

put her objections in writing. She filed numerous objections to the final decree on April 25, 1989, one of which raised the issue of her lack of notice of the commissioner's hearing. By letter dated June 14, 1989, the trial court notified the parties that it did not intend to reopen the divorce cause or consider additional support motions.

The wife filed a notice of appeal on May 5, 1989. On June 30, 1989 the court heard the wife's motion to file a statement of facts and for an extension of time to file a statement of facts. The trial court denied the wife's motion, finding that the statement of facts was not timely filed and did not comply with the Rules of Court, that the court was without authority to extend the time for filing, and that the statement of facts was inaccurate.

The first issue raised by the wife is whether the trial court lacked the requisite jurisdiction to award a divorce because she did not serve the husband with a copy of the bill of complaint or direct that the clerk serve the bill of complaint on him. We find this argument to be without merit.

The wife, by counsel, filed her bill of complaint in the Fairfax County Circuit Court on June 2, 1987. By filing her suit in the Fairfax court, the wife submitted to the jurisdiction of that court. She requested a divorce *a mensa et thoro*, with leave to merge the same into a divorce *a vinculo matrimonii* on the grounds of physical and constructive desertion. She also requested custody of the minor child, child and spousal support, and equitable distribution. Thus, her divorce action was instituted as of June 2, 1987 and became pending as to her husband. *See* Rule 2:2.

For reasons not reflected in the record, proof of service on the husband was not filed with the circuit court until June 2, 1988, pursuant to a subpoena in chancery issued on that day. Nevertheless, service on the husband was made in accordance with the governing rules and statutes. Accordingly, we find that the trial court had jurisdiction over the parties. Rule 2:4 provides:

> Upon commencement of a suit in equity defendants. . . may appear voluntarily and waive process, but in cases of divorce or annulment of marriage only in accordance with the provisions of the controlling statutes.

* * *

> No decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Former Code § 20-99.1, which governed acceptance of service of process by a defendant in a divorce action at the time the wife filed her bill of complaint, provided for acceptance of service in the manner set forth in Code § 8.01-327. Former Code § 8.01-327 provided: "Service of process may be accepted by the person for whom it is intended by signing the proof of service." In addition, former Code § 20-99.1 provided that defects in service could be waived by a general appearance in circuit court.

The wife did not withdraw her suit any time after the filing of the bill of complaint. In the year following the filing of the bill of complaint, the parties appeared before the trial court on various occasions to argue motions pertaining to visitation and *pendente lite* support. In addition, the husband filed an answer to the bill of complaint, and seven orders and a decree of reference were entered by the trial court. Lastly, proof of service was made a part of the record within one year of the filing of the bill of complaint. Based on this record, we find that there was proper service of the bill of complaint in accordance with Rule 2:4 and Code §§ 20-99.1 and 8.01-327. Thus, the parties were properly before the court.

The wife also objects to the entry of the final decree, claiming that she did not receive notice of the commissioner's hearing. It is undisputed that the commissioner mailed notice to the wife of the January 29, 1989 hearing. No evidence was presented to the trial court, however, that Mrs. Soliman actually received this notice. *See* Code § 8.01-288 ("[P]rocess which has reached the person to whom it is directed . . . shall be sufficient although not served or accepted as provided in this chapter"). Consequently, we must determine whether service by mail of the notice of the commissioner's hearing provided proper notice to Mrs. Soliman of that hearing.

■ Rule 2:18(a), which provides for notice of commissioners' hearings, merely requires that the commissioner give notice to the parties. It does not prescribe any specific manner of giving notice.

On the other hand, Code § 20-99, which governs the institution and conduct of divorce proceedings, provides several distinct means of obtaining service. That section reads in pertinent part:

> Such suit shall be instituted and conducted as other suits in equity, except as otherwise provided in this section:
>
> 4. Process or notice in such proceedings shall be served in this Commonwealth by any of the methods prescribed in § 8.01-296 by any person authorized to serve process under § 8.01-293. . . .
>
> 5. In cases where such suits have been commenced and an appearance has been made on behalf of the defendant by counsel, then notices to take depositions and of hearings, motions, and other proceedings . . . may be served by delivering or mailing a copy to counsel for opposing party . . . .

Although the husband appeared with counsel in circuit court on June 19, 1987 in response to the wife's bill of complaint, counsel for the wife was granted leave to withdraw on June 12, 1987, prior to the filing of the husband's cross-bill. The wife acted pro se throughout the proceedings on the cross-bill. Therefore, counsel never appeared on behalf of the wife in her capacity as cross-defendant. Furthermore, the evidence presented at the January 29, 1989 commissioner's hearing pertained to the husband's cross-bill, and the commissioner recommended that the husband be awarded a divorce based on his cross-bill. On this record, we find that the wife was entitled to notice of the commissioner's hearing in the manner prescribed in Code § 20-99(4), not § 20-99(5). Consequently, the mailing of notice of the hearing to the wife was not sufficient to provide her with notice of the commissioner's hearing.

We reject the husband's argument that the term "counsel" as used in Code § 20-99(5) includes pro se parties. While it is undisputed that Rule 1:5 provides that "counsel of record" includes either counsel or a party, so long as that person has signed a pleading in the case, it specifically limits that definition to the term as it is used in the rules. No similar definition is set forth in Code § 20-99.

To the contrary, in 1989, the legislature amended the last sentence of Code § 20-99.1:1(A) by inserting "pro se" in the following sentence: "Such authorization shall not apply when a defendant has filed an answer pro se or by counsel in the suit." We

believe that the legislature would not have made specific reference to answers filed by both "pro se" defendants and counsel if the term "counsel" as used in Code § 20-99 was intended to include pro se parties as in Rule 1:5. Code § 8.01-3(D) provides that in cases of a variance between a rule and an enactment of the General Assembly, the variance shall be construed so as to give effect to the enactment. Consequently, we hold that the term "counsel," as used in Code § 20-99(5), does not include pro se parties, notwithstanding the definition provided in Rule 1:5.

Finally, the question has been raised on appeal as to whether Code § 8.01-319 requires us to reach a different result. This code section deals with publication of interim notice.[1]

 Initially we note that the filing of a responsive pleading which contains the pro se party's address is sufficient to satisfy the requirements of Code § 8.01-319(A). *Cf. Byrum v. Lowe & Gordon, Ltd.*, 225 Va. 362, 363, 302 S.E.2d 46, 47, *cert. denied*, 464 U.S. 961 (1983) (responsive pleading filed by pro se party

---

[1] Code § 8.01-319 provides in pertinent part:

A. In any case in which a nonresident party or party originally served by publication has been served as provided by law, and notice of further proceedings in the case is required but no method of service thereof is prescribed either by statute or by order or rule of the court, such notice may be served by publication. . . . A party, who appears pro se in an action, shall file with the clerk of the court in which the action is pending a written statement of his place of residence and mailing address, and shall inform the clerk in writing of any changes of residence and mailing address during the pendency of the action. The clerk and all parties to the action may rely on the last written statement filed aforesaid. The court in which the action is pending may dispense with such notice for failure of the party to file the statement herein provided for or may require notice to be given in such manner as the court may determine.

B. Notwithstanding any provision to the contrary in paragraph A hereof, depositions may be taken, testimony heard and orders and decrees entered without an order of publication, when the defendant has been legally served with or has accepted service of process to commence a suit for divorce or for annulling or affirming a marriage, and he or she or the plaintiff:

1. Shall thereafter become a non-resident; or

2. Shall remove from the county or city in which the suit is pending, . . . without having filed with the clerk of the court where the suit is pending a written statement of his or her intended future place of residence; or

3. When after such written statement has been filed with the clerk, notice shall have been served upon him or her at the last place of residence given in the written statement as provided by law; or

4. Could not be found by the sheriff of the county or city for the service of the notice, and the party sending the service makes affidavit that he has used due diligence to find the adverse party without success.

which did not contain the party's address violated Code § 8.01-319). Once this pleading has been filed, if the defendant does not remove from the county, city or state in which the suit is pending, depositions can be taken, oral testimony heard, and orders and decrees entered without publication so long as notice has been served as provided by law. Code § 8.01-319(B)(3). However, since we have already determined that service by mail of the notice of the commissioner's hearing was not proper service pursuant to Code § 20-99, we find that Code § 8.01-319(B) is not applicable to this case.

The record before us also shows that Mr. Soliman did not rely on Code § 8.01-319(A) in the trial court as a basis for either dispensing with notice of the commissioner's hearing to Mrs. Soliman or permitting notice to be made by mail. Further, the trial court's finding that Mrs. Soliman was given notice of the commissioner's hearing was not predicated on the court's application of this code section. On this record, we will not consider for the first time on appeal whether Code § 8.01-319(A) is applicable to the case before us. Rule 5A:18.

Because the wife was not given notice of the commissioner's hearing in accordance with the requirements of Code § 20-99, and there is no evidence in the record that she actually received notice of the hearing, the final decree is vacated and the case remanded to the trial court for further proceedings, for which the wife is to receive notice in accordance with Code § 20-99(4).

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Duff, J., concurred.