## CIRCUIT COURT OF FAIRFAX COUNTY

Eva Mitter

v.

Martin Mitter

December 23, 1992

Case No. (Chancery) 124916

BY JUDGE GERALD BRUCE LEE

This matter comes before the Court on Complainant's Motion For Entry Of Decree Of Divorce From The Bond Of Matrimony. Complainant urges the Court to enter the Final Decree of Divorce, alleging that Defendant was properly served with proper notice of the Commissioner's Hearing.

Having considered the arguments of counsel and for the reasons below, the Court finds that proper notice was given to the Defendant. The Court, therefore, sustains the Motion For Entry.

### Facts

Complainant Eva Mitter moves the Court to enter her Final Decree of Divorce. Her husband Martin Mitter was served with the Bill of Complaint by a special process server at his residence in Arlington, Virginia. This service occurred on February 27, 1992. Defendant Mitter has made no appearance in the case. The case was referred to Ronald Tydings, Commissioner in Chancery.

The Commissioner notified Martin Mitter of Commissioner's Hearing by certificate of mailing. The Commissioner indicates in his report that "[t]here is a question of whether or not notice of the Commissioner's Hearing was properly given in accordance with Section 20–99(4)."

The Final Decree of Divorce was personally served upon Mr. Mitter by a sheriff in Texas. Eva Mitter moves for entry of the Final Decree of Divorce alleging that the service of notice of the Commissioner's Hearing was proper under Va. Code Ann. § 20–99.1 (Repl.

Vol. 1990 & Cum. Supp. 1992) and *Soliman v. Soliman*, 12 Va. App. 234, 402 S.E.2d 922 (1991).

## Discussion

The Court finds that service of notice of the Commissioner's Hearing upon the Defendant Martin Mitter was proper.

First, the Court notes that Code § 20–99.1 is inapplicable to this case. That section concerns waivers and acceptance of service. Mitter did not accept service by signing a proof of service or by filing a waiver.

Second, under Code § 20–99(4) service of notice of the Commissioner's Hearing would not be proper. Subsection 4 of § 20–99 provides " 'Counsel for opposing party' shall include a pro se party who (i) has entered a general appearance in person or by filing a pleading or endorsing an order of withdrawal of that party's counsel, or (ii) has signed a pleading in the case or who has notified the other parties and the clerk that he appears in the case."[1]

Under § 20–99 "[i]t would appear that almost anything a *pro se* party actively does in a case is sufficient to allow certificate of service on him for all subsequent proceedings in the case." Richard Bryd, "Service and Notice In Divorce Cases," 19 Fairfax Bar Journal, No. 5, 6 (November 1992).

However, in this case, Mr. Mitter has taken no action. He has not made a general appearance, filed a pleading, endorsed an order, signed a pleading, or notified the other parties and clerk that he has appeared in the case.

Fortunately, Code § 8.01–319(B)(1) (Repl. Vol. 1992) applies to the facts here. Subsection (B)(1) states that testimony may be heard and orders and decrees entered when the defendant has been legally served with service of process to commence a suit for divorce and he thereafter becomes a nonresident. *Id.*

Mitter received service of process when he was personally in Arlington, Virginia. He then moved to Texas while the Commissioner's Hearing was conducted. Under § 8.01–319(B)(1) he was entitled to no further notice. Counsel actually provided Mitter with more notice

---

[1] In *Soliman v. Soliman*, 12 Va. App. 234, 402 S.E.2d 922 (1991), the Court of Appeals held that "counsel" does not include pro se litigants and that they must be personally served for all stages of a divorce proceeding. The General Assembly responded to *Soliman* by amending § 20–99(4) in the 1992 legislative session. *See* 1992 Va. Acts 724, 724–25.

than he deserved under the Code by mailing notice of the Commissioner's Hearing and personally serving the Final Decree. Accordingly, Complainant's Motion for Entry of the Final Decree is sustained.