COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


GREGORY ALAN RANSOM

                                    MEMORANDUM OPINION* BY
v.    Record No. 1322-98-2          JUDGE SAM W. COLEMAN III
                                         MAY 18, 1999
TINA CHANG RANSOM


        FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
              William H. Ledbetter, Jr., Judge

        R. Scott Pugh for appellant.

        Edward V. O'Connor, Jr. (Byrd, Mische,
        Bevis, Bowen, Joseph & O'Connor, P.C., on
        brief), for appellee.


    In this appeal from a final divorce decree the husband

contends that the decree is void because (1) he failed to receive

notice of the evidentiary deposition hearing and (2) failed to

receive notice of the entry of the final decree.  We find that

husband did not receive the required notice for the evidentiary

hearing or of the presentation of the proposed final divorce

decree.  Therefore, we reverse and vacate the final divorce decree

and remand the case for further proceedings.[1]

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

    [1]Husband also contends that the divorce decree should be
reversed because the clerk of the circuit court failed to
deliver his letter to the trial judge informing the judge of his
lack of notice, thereby depriving him of his right to seek a
Continued . . .

BACKGROUND

Husband, who was represented by counsel, filed a bill of complaint for divorce alleging adultery and requesting child custody and the equitable distribution of their property.  The bill of complaint alleged that wife had left the marital residence.  Wife filed a pro se answer and cross-bill, alleging adultery by the husband and requesting child custody, child and spousal support, and equitable distribution.  After filing an answer to the wife's cross-bill, husband's attorney withdrew.  Husband proceeded pro se, but did not file with the clerk of court a written statement of his place of residence or mailing address as provided by Code § 8.01-319.

During the ensuing proceedings, wife retained counsel.  Also, during that time husband, acting pro se, endorsed two decrees.  Proceeding with her cross-bill, wife mailed a copy of a notice to take depositions to husband at 3205 Waverly Drive, Fredericksburg, VA  22407.  Waverly Drive was not the marital address where the parties had resided.  "3205 Waverly Drive" was the address at which wife alleged husband was living with his paramour.[2]  In

---

Continued . . .
vacation or modification of the final decree within twenty-one days of entry of the decree as provided by Rule 1:1.  Because we reverse on other grounds, we do not reach this issue.

[2]Wife's answer asserted that "Mrs. Hernandez lives at 3205 Waberly Drive, Fredersburg VA  22407." (Emphasis added).

-

addition to wife's mailing the notice, the sheriff went to the same Waverly Drive address and after finding no one there for substituted service, he posted the notice on the front door. Thereafter, depositions were taken in husband's absence.

Following the depositions, wife filed a notice that she would present to the circuit court on a date certain a final divorce decree for entry. The certificate of mailing appended to the notice certified that wife timely mailed a copy of the notice to husband at 1200 Townsend Boulevard, #8, Fredericksburg, VA 22407. The trial judge entered the final decree without the husband's endorsement.[3] The final decree recited that husband failed to appear after opposing counsel had mailed notice to him of the proposed entry of the final decree. The decree, which granted the wife a divorce based upon a one year separation, awarded her custody of the children granting husband "reasonable" visitation, child and spousal support, equitable distribution, and attorney's fees. The husband appeals from the divorce decree.

---

[3]Twelve days after entry of the final decree, husband sent an ex parte letter addressed to the trial judge explaining that he had received no notice of the evidentiary hearing and requesting an opportunity to be heard on the matter. Husband's letter indicated that his address was 1200 Townsend Boulevard, #8, Fredericksburg, VA 22407 -- the same address where twenty-four days earlier wife had mailed the notice of the proposed entry of a final divorce decree. The clerk responded by providing husband a copy of the wife's certificate of mailing and informing him that neither the clerk's office nor the judge could provide him legal advice. At that time, seven days remained before the divorce decree became final under Rule 1:1.

-

ANALYSIS

>An elementary requirement of due process in any proceeding is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." . . . Due process does not require actual notice to a party of the date of a trial or hearing after he or she has been properly made a party to the proceeding. [However, a state's] legislature may prescribe "the kind of notice and the manner in which it shall be given if it is reasonable under all the circumstances and affords the party affected a reasonable opportunity to be heard."

Eddine v. Eddine, 12 Va. App. 760, 763, 406 S.E.2d 914, 916 (1991).

Here, husband had notice of the pendency of the suit. He had instituted it in filing the bill of complaint. He asserts, however, that having made a general appearance, he was thereafter entitled to interim notice of evidentiary proceedings and of the entry of the final divorce decree.

In a divorce suit, the bill of complaint shall not be taken for confessed. The case shall be heard independently of the admissions of either party, and the charges shall be proven by full and clear testimony. See Code § 20-99; Westfall v. Westfall, 196 Va. 97, 101, 82 S.E.2d 487, 490 (1954). A party desiring to take evidence by deposition testimony may do so by giving reasonable notice in writing to the other party stating the time, place, and name and address of persons to be examined.

-

<u>See</u> Rule 4:5(b)(1).  Rule 1:12 provides that when no other provision exists for service of a pleading, motion, or other paper, service shall be given by mailing or delivering to counsel of record.  Code § 20-99(4) provides that notice to take depositions may be served by mailing a copy of the "notice" to counsel for opposing party.  Code § 20-99 provides that in the context of notice in divorce proceedings, "'[c]ounsel for opposing party' shall include a <u>pro</u> <u>se</u> party who (i) has entered a general appearance in person by filing a pleading or endorsing an order of withdrawal of that party's counsel."  <u>See</u> <u>also</u> Rule 1:5 ("'counsel of record' includes a . . . party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case").

Where a party who has appeared in a divorce proceeding has not received notice of the evidentiary hearing upon which the divorce decree is based, the decree shall be vacated.  <u>See</u> <u>Soliman v. Soliman</u>, 12 Va. App. 234, 241, 402 S.E.2d 922, 927 (1991) (holding that failure to give notice of the commissioner's evidentiary hearing as required by Rule 2:18(a) invalidates the final decree).  Thus, the question before us is whether the wife's mailing of the notice or sheriff's posting of it on the door of the Waverly Road address satisfied the notice requirement.

When husband's counsel withdrew, husband became "counsel of record" and was entitled to notice of any hearings and of

-

pleadings.  See Rule 1:12.  Both Rule 1:12 and Code § 20-99(4) provide that notice may be given to counsel of record or opposing counsel by mailing a copy to him or her.  Thus, the wife could have given notice to husband for the taking of depositions by mailing or by serving notice upon him in accordance with the provisions of Code §§ 8.01-296 or 8.01-319(A).

However, Code § 8.01-319(A) provides that a pro se party "shall file with the clerk of court in which the action is pending a written statement of his place of residence and mailing address during the pendency of the action" and that an opposing party may rely on the "last written statement filed" for purposes of noticing the pro se party.  See Eddine, 12 Va. App. at 764, 406 S.E.2d at 917.  The record contains no evidence that husband furnished the clerk with his residence or mailing address.

Further, husband, who filed the initial bill of complaint did not provide an address as required by Rule 1:4(C).  Thus, no "last written statement" of an address existed upon which wife could rely for mailing notice.

Although husband failed to provide an address for mailing or for constructive service, Code § 8.01-319(A) authorizes the trial court to dispense with the notice requirement or to require some form of substitute notice.  However, wife did not inform the court that husband had failed to furnish an address,

-

nor did she request that the court waive the notice requirements or authorize her to substitute a notice procedure. Moreover, the record does not indicate that the court dispensed with the notice requirement of Rule 1:12.

When a pro se party fails to provide an address as required by Code § 8.01-319, the omission does not empower the opposing party to dispense with the required notice except by leave or direction of the court. Here, wife failed to follow the statutory requirements for notice of the taking of depositions and the entry of the final divorce decree. See Soliman, 12 Va. App. at 241, 402 S.E.2d at 927 (vacating divorce for lack of notice of commissioner's hearing).

In addition, the record contains no indication that the husband received notice of entry of the final decree. Husband did not endorse the final decree as required by Rule 1:13. Although Rule 1:13 gives the trial judge discretion to dispense with a party's endorsement of the decree and the notice requirement, here, the trial judge apparently dispensed with the notice and endorsement requirement based on the husband's failure to appear. Under these circumstances, we hold that wife's failure to comply with Code § 8.01-319 or otherwise give husband notice of entry of the divorce decree violated his due process and statutory rights and resulted in the entry of an invalid decree of divorce. See Rosillo v. Winters, 235 Va. 268, 271-73, 367 S.E.2d 717, 718-19 (1988) (declaring void a draft

order entered by the trial court without notice to, or endorsement by, opposing counsel); <u>Norfolk Div. of Soc. Services v. Unknown Father</u>, 2 Va. App. 420, 427-28, 345 S.E.2d 533, 536-37 (1986) (finding an order entered without notice to, or endorsements by one party, was void); <u>but</u> <u>see</u> <u>Smith v. Stenaway</u>, 242 Va. 286, 288-89, 410 S.E.2d 610, 612 (1991) (affirming entry of an order without notice or endorsement where both counsel were present when the judge issued the ruling orally and, therefore, were fully aware of the court's decision).

Accordingly, the judgment of the trial court is reversed, the decree is vacated and the case remanded for such further proceedings as are necessary.

<u>Reversed and remanded.</u>

-