Tuesday 7th

July, 1998.


Paul Michael Dalton, Jr.,                                    Appellant,

  against        Record No. 3134-96-3
                 Circuit Court No. CR96000298-00

Commonwealth of Virginia,                                    Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On June 2, 1998 came the appellee, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on May 19, 1998, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on May 19, 1998 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellee shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


PAUL MICHAEL DALTON, JR.
                                          OPINION BY
v.        Record No. 3134-96-3       JUDGE LARRY G. ELDER
                                          MAY 19, 1998
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                William N. Alexander, II, Judge

          Charles J. Strauss (H. Victor Millner, Jr.,
          P.C., on brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Paul Michael Dalton, Jr. (appellant) appeals his conviction
of first degree murder.  He contends the trial court erred when
it refused to instruct the jury on the crime of accessory after
the fact to murder.  For the reasons that follow, we reverse and
remand.

                              I.

                            FACTS

     Appellant was charged with three crimes:  (1) murder "in the
commission of or attempt to commit robbery," (2) murder, and
(3) "use [of] a shotgun in committing or attempting to commit
murder or robbery."  None of the indictments against appellant
expressly charged him with being an accessory after the fact to
any of these crimes.

     The evidence at appellant's trial proved that, on

December 17, 1995, the body of Clark Aubrey Adkins (victim) was found buried in a shallow grave in a wooded area about two-tenths of a mile from the nearest state road.  The victim had been killed by a gunshot wound to his right upper chest.  The victim also had been shot a second time in his left side "just above the belt" after his heart had stopped beating.  The Commonwealth produced no "scientific evidence," such as DNA, blood, or fingerprints, that linked appellant to the crime.

Three witnesses, Ronald Cassady, Matthew Cassady, and Jimmy Cook, testified that appellant confessed to killing the victim during the week of December 12.  Ronald Cassady testified that appellant told him that "when [the victim] come down the road, he was laying in the road and jumped up when [the victim] stopped and shot him."  Matthew Cassady testified that appellant told him "he met . . . [the victim] on his grandma's road, and somehow he got in the car or something and he shot him."  Matthew Cassady also testified that appellant said he killed the victim "because [the victim] raped his sister, Mary Dalton."  Jimmy Cook testified that, after appellant drafted a note confessing to the murder, he explained his reasons for doing so.  According to Cook, appellant "said he wanted to write a note . . . because he said he done it all by himself, and he didn't want to get his sister or Joseph [Smith] [appellant's sister's boyfriend], to get neither one of them blamed for something they didn't do."

The Commonwealth also introduced into evidence a note

written and signed by appellant in which appellant stated that he "did in fact kill [the victim] . . . and Mary and Jos[e]ph did not have inthing [sic] to do with it."

At trial, appellant denied shooting the victim. Appellant testified that, on December 12, he and Joseph Smith were sitting in the woods watching his sister, Mary Dalton, as she attempted to buy marijuana from the victim while in his car. Appellant testified that after his sister exited the victim's car, he saw Smith approach the victim and shoot him twice. According to appellant, Smith "shot [the victim] one time through the passenger side door, and he reloaded, and he walked around and he opened the driver's side door and shot him again." After the shooting, appellant helped Smith place the victim's body in the trunk and accompanied Smith as he drove the victim's car to a remote location in the woods. Appellant testified that, at some point, Smith took "between twelve hundred and fifteen hundred dollars" and some "pot" from the victim's body and distributed it among himself, appellant, and appellant's sister. "A couple of days later," appellant helped Smith carry the victim's body from the trunk of his car to a location in the woods where Smith buried it. Appellant testified that he wrote his confession note "'cause [he] didn't want [his sister] to go to jail."

At the conclusion of the evidence, appellant requested a jury instruction on the crime of being an "accessory after the fact." When the trial court refused to give the instruction,

appellant asked the trial court to note his exception to this ruling.  Appellant argued that an instruction on accessory after the fact was warranted "based on the evidence in this case."  The trial court stated for the record that it refused appellant's request for an instruction on accessory after the fact "because [it did] not think that accessory after the fact is a lesser included offense to any of the charges."

The jury convicted appellant of first degree murder but acquitted him of the firearm charge.  The trial court subsequently dismissed the indictment charging appellant with murder in the commission of or attempt to commit robbery.

## II.

### JURY INSTRUCTION

Appellant contends the trial court erred when it refused to instruct the jury on the crime of being an "accessory after the fact."  He argues (1) that Rule 3A:17(c) of the Rules of the Supreme Court of Virginia entitled him to an instruction on accessory after the fact if more than a scintilla of evidence supported this theory of the case, and (2) that the evidence was sufficient to warrant such an instruction.  We agree that the jury should have been instructed that this disposition of the case was an option when it determined its verdict.

As a preliminary matter, we disagree with the Commonwealth's argument that appellant is precluded by Rule 5A:18 from relying on Rule 3A:17(c) to support his argument on appeal.  We have

previously held that, in light of the relaxed procedural rule for noting exceptions under Code § 8.01-384, the tendering of a jury instruction is all that is required to place the trial court on notice that the party requesting the instruction is legally entitled to it and that sufficient evidence supports granting the instruction.  See Martin v. Commonwealth, 13 Va. App. 524, 529-30, 414 S.E.2d 401, 404-05 (1992) (en banc).  By requesting an instruction on accessory after the fact, appellant fully alerted the trial court that the jury should be permitted to convict him of this offense under Rule 3A:17(c) and Code § 19.2-286.  Cf. id. at 530, 414 S.E.2d at 404 (stating that tendered instruction had the effect of notifying trial court that simple assault is a lesser-included offense of attempted capital murder).  The record indicates that after the trial court refused to give appellant's requested accessory-after-the-fact instruction, appellant expressly asked the trial court to note his exception to this ruling and argued that an instruction on accessory after the fact was proper "based on the evidence in this case."  We hold that appellant preserved for appeal his objection to the trial court's refusal to grant his tendered jury instruction based on Rule 3A:17(c).

This case presents an issue of first impression in Virginia: whether a criminal defendant who has not been expressly charged with the crime of being an "accessory after the fact" has a right to a jury instruction on the offense of being an accessory after

the fact to the crime of which he or she was charged.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

Neither the Code nor the Rules of the Supreme Court of Virginia set forth the jury instructions that the trial court must give upon the request of a defendant at the conclusion of the evidence in a criminal case. However, it is well established as a matter of common law that "[i]t belongs to the [trial] court to instruct the jury as to the law, whenever they require instruction, or either of the parties request it to be given." Thornton v. Commonwealth, 65 Va. (24 Gratt.) 228, 230 (1874). It is equally well established that "[a] defendant is entitled to have the jury instructed only on those theories of the case that are supported by the evidence," and a trial court errs when it refuses such an instruction that is supported by "more than a scintilla" of evidence. Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986); see also Baylor v. Hoover, 123 Va. 659, 660-61, 97 S.E. 309, 310 (1918); Bowles v. Commonwealth, 103 Va. 816, 830-81, 48 S.E. 527, 532 (1904).

The scope of the jury instructions that the trial court is required to give upon request of a party is linked to the range

of dispositions of a particular case that are available to the jury as a matter of right.  For example, "at common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged."  Beck v. Alabama, 447 U.S. 625, 633, 100 S. Ct. 2382, 2387, 65 L.Ed.2d 392 (1980); see also Keeble v. United States, 412 U.S. 205, 208, 93 S. Ct. 1993, 1995, 36 L.Ed.2d 844 (1973); Hardy v. Commonwealth, 58 Va. (17 Gratt.) 616, 618-20 (1867) (stating that under Virginia common law, "a party might be convicted of any offence substantially charged in the indictment, provided it was of the same grade [either felony or misdemeanor] with the principal or total offence charged").  Thus, as a matter of common law, "[i]t is reversible error for the trial court to refuse to instruct the jury on the lesser offenses charged in the indictment if there is any evidence in the record tending to prove such lesser offenses."  Taylor v. Commonwealth, 186 Va. 587, 591, 43 S.E.2d 906, 908 (1947) (citations omitted); see also Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986); McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 292-93 (1975); Porterfield v. Commonwealth, 91 Va. 801, 803, 22 S.E. 352, 353 (1895); Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987); 23A C.J.S. Criminal Law § 1357 (1989) (stating that "[t]he right to a jury instruction on a lesser included offense . . . is purely a matter of common law").  Conversely, we have stated as a general proposition that "an

accused on trial for one offense is not entitled to have the jury instructed on an offense which is not included as a lesser offense of the one charged."  <u>Simms v. Commonwealth</u>, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986); <u>see also</u> <u>Crump v. Commonwealth</u>, 13 Va. App. 286, 290, 411 S.E.2d 238, 241 (1991); <u>Taylor v. Commonwealth</u>, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991).

Prior to the amendment of Code § 19.2-286 in 1960,[1] a defendant not charged with being an accessory after the fact was not entitled to a jury instruction on this offense because the crime of being an accessory after the fact is not a lesser-included offense of other crimes.  "Whether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser."  <u>Fontaine v. Commonwealth</u>, 25 Va. App. 156, 164, 487 S.E.2d 241, 245 (1997).  "A lesser included offense is an

[1]The statute that is now known as Code § 19.2-286 was enacted by the General Assembly in 1848, <u>see</u> 1847-48 Va. Acts ch. 120, and has appeared in every subsequent version of the Virginia Code.  <u>See</u> Code tit. 55, ch. 208, § 32 (1849); Code tit. 55, ch. 208, § 31 (1860); Code ch. 202, § 31 (1873); Code § 4044 (1887); Code § 4044 (1904); Code § 4922 (1919); Code § 19-227 (1950); Code § 19.1-254 (repl. vol. 1960); Code § 19.2-286 (repl. vol. 1975); Code § 19.2-286 (repl. vol. 1995).  Since its enactment, the text of this statute has been amended only twice -- in 1960 and 1975.  <u>See</u> 1960 Va. Acts ch. 366; 1975 Va. Acts ch. 495.  In 1960, the General Assembly extended the reach of this statute, which was then codified at Code § 19.1-254, to include the crime "of being an accessory after the fact."  Code § 19.2-254 (repl. vol. 1960); <u>see</u> 1960 Va. Acts ch. 366.  In 1975, the General Assembly modified this particular language to "of being an accessory thereto."  Code § 19.2-286 (repl. vol. 1975); <u>see</u> 1975 Va. Acts ch. 495.

offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). "An offense is not a lesser included offense of another if each offense contains an element that the other does not." Walker v. Commonwealth, 14 Va. App. 203, 206, 415 S.E.2d 446, 448 (1992). The elements of being an accessory after the fact are not wholly contained in any other offense. In order to convict a defendant of being an accessory after the fact, the Commonwealth must prove three elements: that the defendant (1) "receive[d], relieve[d], comfort[ed] or assist[ed]" a felon (2) after knowing that the felon was guilty of committing a completed felony and (3) that the felony was, in fact, completed. See Manley v. Commonwealth, 222 Va. 642, 644, 283 S.E.2d 207, 208 (1981). The second of these elements -- that the defendant knew that he or she was assisting a felon guilty of a completed felony -- is unique to the crime of accessory after the fact and is not included in any other offense.[2] Cf. Thornton, 65 Va. (24 Gratt.) at 232 (stating

---

[2]In Goodson v. Commonwealth, a panel of this Court indicated that the crime of being an accessory after the fact might be a lesser-included offense of attempted murder and robbery. See 22 Va. App. 61, 78-79, 467 S.E.2d 848, 857 (1996). However, it is clear from the context of this statement in Goodson that it was pure dictum. The Court was not formally addressing the issue of whether accessory after the fact was a lesser-included offense of attempted murder and robbery, and the opinion is devoid of any analysis comparing the elements of these three crimes. Instead, the Goodson court was analyzing whether the record contained more than a scintilla of evidence to support an accessory-after-the-fact instruction. Thus, Goodson does not provide authoritative support for the proposition that the crime of being an accessory after the fact is a lesser-included offense

---

that "[a]t common law an accessory could not be convicted on an indictment against him as a principal felon").

However, the General Assembly has added to the offenses for which an accused felon may request a jury instruction by empowering juries to convict accused felons of both "attempt" and being an "accessory,"[3] even though neither of these crimes was expressly charged in the felony indictment. Code § 19.2-286 states:

> On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

This Code provision has been incorporated into the rules regulating jury verdicts in criminal cases. See Rule 3A:17(c) (stating that "[w]hen the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony"). Applying this statute, the Virginia Supreme Court has stated that a felony indictment "embraces" as a "lesser offense" the crimes listed in Code § 19.2-286. See Willoughby v. Smyth, 194 Va. 267, 271, 72

_____

of either attempted murder or robbery.

[3]This Code section does not purport to distinguish between accessories before the fact and accessories after the fact. See Code §§ 18.2-18, -19, and -21. Because Code § 19.2-286 recognizes no distinction, we must interpret the provision as applicable to both forms of accessory liability.

-11-

S.E.2d 636, 638-39 (1952) (applying Code § 19-227, which was an earlier version of Code § 19.2-286). Although the crime of being an "accessory after the fact" is technically not a lesser-included offense of any other crime, we hold that a criminal defendant is entitled to an instruction on this crime, if such an instruction is warranted by the evidence, based upon the jury's statutory power under Code § 19.2-286. Thus, the trial court erred when it ruled that appellant was not entitled to an instruction on the crime of being an accessory after the fact merely because it was not "a lesser included offense to any of the charges."

Turning to the facts of this case, we hold that the evidence was sufficient to mandate a jury instruction on the offense of being an accessory after the fact. When determining whether sufficient evidence warranted a particular instruction, we view the evidence in the light most favorable to the party requesting the instruction. See Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991). Appellant's testimony provided ample support for his theory that he was only an accessory after the fact to the crimes committed against the victim. Appellant testified that Joseph Smith, his sister's boyfriend, shot the victim in his car while appellant was sitting nearby in the woods. Appellant testified that after the shooting, he helped Smith place the victim's body in the trunk and accompanied Smith as he drove the victim's car to a remote location in the woods.

Appellant testified that, at some point, Smith took money and "pot" from the victim's body and distributed it between himself, appellant, and appellant's sister.  Appellant testified that a few days later he helped Smith carry the victim's body from the trunk of the car to a location in the woods where Smith buried it.  Based on this evidence, a jury could have concluded that appellant was only guilty of being an accessory after the fact.

For the foregoing reasons, we reverse the conviction of first degree murder and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

Cole, J., dissenting.

I dissent because the trial judge correctly refused to grant an instruction based upon the appellant being an accessory after the fact. The instruction was neither grounded upon the charged offense of first degree murder, a lesser-included offense to first degree murder, nor upon any offense substantially charged as provided in Rule 3A:17(c).

The facts necessary to determine the issue on appeal are not in dispute. Aubrey Adkins was murdered. Appellant was indicted and convicted of first degree murder.[4] Although the Commonwealth presented sufficient and credible evidence to the contrary, appellant testified that he did not participate in the killing and had no prior knowledge of it. He admitted being present at the scene at the time of the murder and being aware of its commission. However, he denied that he planned or assisted in the crime in any way prior to or during its commission. He admitted participation after the murder in disposing of the body and sharing in money and marijuana taken from the deceased after the murder.

On appeal, appellant asserts that an instruction on an accessory after the fact to first degree murder was vital to his defense. He claims that a person accused of a crime is entitled to instructions which present the accused's defense from his or

---

[4]Appellant was indicted on other charges not involved in this appeal.

her point of view. He admits that from the evidence presented, the jury could have found him guilty as charged in the indictment, but the only other option the trial judge gave the jury was to acquit him. He acknowledges that the jury was not likely to do this under the evidence. The jury was not permitted to consider whether he was guilty of being an accessory after the fact.

Citing <u>Taylor v. Commonwealth</u>, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991), the Commonwealth defends upon the premise that an accused is not entitled to have the jury instructed on an offense which is not the charged offense, or a lesser-included offense of the charged offense. It contends that an accessory after the fact is not a lesser-included offense of first degree murder; therefore, appellant was not entitled to the instruction as a matter of law. In its opinion, the majority finds that an accessory after the fact is not a lesser-included offense to any crime. However, it holds that appellant was entitled to an instruction on the offense of being an accessory after the fact.

The trial court prepared seventeen (17) instructions fully and fairly covering all aspects of the first degree murder charge. The trial judge asked counsel if there were any objections to these instructions, and none were made. The instruction requested by appellant is not a part of the record. Moreover, the record does not show that the instruction was tendered to the court or even existed. The entire record

pertaining to the instruction follows:

> [Defense counsel]: [N]ote our objection to the court's ruling that they will not grant us an instruction on accessory after the fact. I would submit that based on the evidence in this case, that would be proper to instruct the jury on that, and therefore we would note our exception to the Court's ruling that they will not grant us an instruction on being an accessory after the fact.
>
> [Trial Judge]: [Y]ou have asked that an instruction be given on the defendant as an accessory after the fact, and I have refused to give that instruction. My ruling was because I do not think that is a lesser included offense to any of the charges.

The majority holds that this ruling was erroneous and the failure to give an instruction on "accessory after the fact" constitutes reversible error. The majority reasons that the General Assembly when enacting Code § 19.2-286 and the Supreme Court when adopting Rule 3A:17(c) empowered juries to convict an accused charged with a felony as "an accessory after the fact to that felony" where the evidence supports such an instruction, even though the accused was not indicted upon the charge or such offense was not substantially charged or necessarily included in the charged offense against the accused. The majority concludes that the trial court was required to give an instruction based upon the evidence that appellant committed certain illegal acts after the crime charged was completed. The majority decision would result in the requirement that a trial court give an accessory after the fact instruction in every case, despite the

absence of an indictment or summons for the offense.  The Commonwealth did not elect to prosecute appellant as an accessory after the fact but chose to prosecute on other offenses.  The Commonwealth would, in many cases, have no notice that a defendant would attempt to divert the attention of the jury from deciding the guilt or innocence on the charged offense or one substantially charged or necessarily included in the charge against the accused and require it to consider an independent offense not charged.

Because the majority bases its decision upon the authority of Code § 19.2-286 and Rule 3A:17(c), both of which deal with jury verdicts, I shall consider each of them.  But, before doing so, I will review the other required procedures that must have occurred before the jury is instructed.

Under the Due Process Clause of the United States Constitution, a criminal defendant must be given clear notification of the offense charged.  The Virginia Constitution provides "that in criminal prosecutions a man hath a right to demand the cause and nature of his accusation."  Va. Const. art. I, § 8.

To carry out these constitutional mandates, the General Assembly has by statute set forth certain procedures.  It has provided for grand juries to consider bills of indictment, see Code § 19.2-191; it has commanded the use of indictments, presentments, and informations, see Code § 19.2-216; and it has

made provision for preliminary hearings, see Code § 19.2-218.  It has directed that an "indictment or information shall be a plain, concise, and definite written statement, (1) naming the accused, (2) describing the offense charged," (3) locating where the offense was committed, and (4) reciting the date of the offense.  Code § 19.2-220.  Rules of Court require citation of the statute or ordinance that defines the offense.  See Rule 3A:6.  The General Assembly has provided for an arraignment, which consists of reading to the accused the charge on which he or she will be tried and calling on the accused to plead thereto.  See Code § 19.2-254.  An accused may plead not guilty, guilty or nolo contendere.  See id.  The court may refuse to accept a plea of guilty to any lesser offense included in the charge upon which the accused is arraigned.  See id.

> In any trial upon an indictment charging homicide, the jury or the court may find the accused not guilty of the specific offense charged in the indictment, but guilty of any degree of homicide supported by the evidence for which a lesser punishment is provided by law.

Code § 19.2-266.1.

> Rule 3A:9, in part, provides:
> (a) Pleadings and Motions – Pleadings in a criminal proceeding shall be the indictment, information, warrant or summons on which the accused is to be tried and the plea of not guilty, guilty or nolo contendere. . . .
>
> (b) The Motions raising Defenses and Objections – (1) . . . Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to

-18-

be tried, other than that it fails to show jurisdiction . . . the motion shall include all such defenses and objections then available to the accused. Failure to present any such defense or objection as herein provided shall constitute a waiver thereof . . . .

It is not until the entire procedure established for the trial has been completed that the subject of jury verdicts is considered.

### Code § 19.2-286

At common law, "[i]n an indictment or information for an attempt to commit a crime, the accused's intent and the act done toward the commission of the crime must be alleged . . . ." 2 Charles E. Torcia, Wharton's Criminal Procedure § 261, at 121 (13th ed. 1990). The problem surrounding the accusation stage of "attempts" reached the Virginia Supreme Court in Cates v. Commonwealth, 111 Va. 837, 69 S.E. 520 (1910). The Court held:

> An intention to commit a felony and the doing of some act towards its commission without actually committing it, an attempt that being the offense of which the accused was found guilty on the former trial, it was necessarily included in the charge of rape, otherwise there could be no conviction for that offense on the indictment for rape, for no one can be convicted of an offense not embraced or included in the charge against him.
> The attempt being included in or a part of, the offense charged, a conviction of the attempt would be an acquittal of the principal or major offense of rape.

Id. at 841, 69 S.E. at 521 (citations omitted) (emphasis added).

Creating no new authority, but restating what had been the

law for years, Code § 4922 appeared in the 1942 Code as follows:

> On an indictment for felony the jury may find
> the accused not guilty of the felony, but
> guilty of an attempt to commit such felony
> . . . .

Code § 4922 was followed by Code § 19.1-254.  In 1960, the General Assembly amended Code § 19.1-254 to read in pertinent part as follows:

> On an indictment for felony the jury may find
> the accused not guilty of the felony but
> guilty of an attempt to commit such felony,
> <u>or of being an accessory after the fact</u>
> . . . .

(Emphasis added.).

Effective October 1, 1975, the General Assembly repealed Title 19.1 and enacted it as Title 19.2.  Code § 19.1-254 was re-written as § 19.2-286.  Only one change was made.  The language "accessory after the fact" was replaced with "accessory thereto."  This language remains to date.  Accessory after the fact is a misnomer because an accessory after the fact is not an accessory at all.  To prove someone was an accessory after the fact, the government must prove that the person became involved "after the commission of a felony."  Thus, the crime of being an accessory after the fact is an independent crime, <u>see</u> Code § 18.2-19, and is codified under a separate statute.

> An accessory after the fact is not a
> party to the principal crime.  By definition,
> such an accessory can be guilty of a crime
> only after the principal crime is an
> accomplished fact.  It follows that an
> accessory after the fact must be charged as
> such, and not as a party to the principal
> crime.

2 Torcia, Wharton's Criminal Procedure, supra, § 260.

     The Code of Virginia does not specifically define an
accessory after the fact.  Hence, we resort to the common law for
a definition.  Virginia law classifies an accessory after the
fact as a Class 1 misdemeanor.  See Code § 18.2-19.  The
punishment is confinement in jail for not more than twelve months
and a fine of not more than $2,500, either or both.  See id.

     Case law has defined an accessory after the fact as a person
who, knowing a felony to have been committed by another,
receives, relieves, comforts or assists the felon.  See Manley v.
Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981).
"To constitute one an accessory after the fact, three things are
requisite:  (1) The felony must be completed; (2) He must know
that the felon is guilty; (3) He must receive, relieve, comfort
or assist him."  Wren v. Commonwealth, 67 Va. (26 Gratt.) 952,
956 (1875).

     "An accessory after the fact has not contributed to the
commission of a crime; his criminality is found in his post-crime
assistance which is likely to impede the prosecution of the
perpetrator."  Roger D. Groot, Criminal Offenses and Defenses in
Virginia, at 354 (3d ed. 1994).

     By removing the phrase "accessory after the fact" from Code
§ 19.1-254, the General Assembly evinced its intent to eliminate
accessories after the fact from the purview of the statute.
Because an accessory after the fact is not a party to the

-21-

principal crime, has not planned or assisted in it, and is a separate and independent crime that must be charged as such, it does not come within the statutory term "accessory thereto." Therefore, the words "accessory thereto" could not logically refer to accessories after the fact.

This interpretation is consistent with Code § 18.2-18, which provides "[i]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree." Accessory after the fact is not placed in this classification.

Under the annotations to Code § 18.2-18, crimes are classified as follows:

```
        II.  Who are Principals and Accessories.
             A.  Principal in First Degree
             B.  Principal in Second Degree
             C.  Accessory Before the Fact
             D.  Capital Murder
```

It is significant that an accessory after the fact is not included in the classification of "principals" and "accessories"; because it is a misdemeanor and an independent crime in itself, logic dictates that it be excluded from the classification.

At common law, an accessory after the fact was treated as a party to the underlying felony. However, the clear trend today is that the accessory after the fact is no longer treated as a party to the crime. This kind of accessory is now recognized as an "'obstructor' of justice, the author of a separate and

independent offense."  See 1 Charles E. Torcia, Wharton's Criminal Law § 35, at 535 (15th Ed. 1993) (footnote omitted).

From the above authority, I conclude that Code § 19.2-286 has no application to accessories after the fact and the terminology "accessory thereto" refers only to principals in the first degree, principals in the second degree and accessories before the fact.  Therefore, appellant's argument receives no additional support from this statute.

### Rule 3A:17(c)

Part Three A of the Rules of the Supreme Court was adopted June 15, 1971, and made effective January 1, 1972.  Former Rule 3A:24(c) substantially tracked Code § 19.1-254 (now Code § 19.2-286), which at that time contained the phrase "accessory after the fact" and not "accessory thereto."  Former Rule 3A:24(c), which was changed to Rule 3A:17(c), provided, in pertinent part:

> (c) Conviction of Lesser Offense - The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused.  When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.

In 1975, when the language of Code § 19.2-286 was changed from "accessory after the fact" to "accessory thereto," the rule was not changed to conform to the statute and continued to contain the language "accessory after the fact."  However, Rule

-23-

3A:17(c) contained the following new language not contained in the statute: "that is substantially charged or necessarily included in the charge against the accused." (Emphasis added.).

The rules are "intended to provide for the just determination of criminal proceedings. They shall be interpreted so as to promote uniformity and simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Rule 3A:2. "In the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment." Code § 8.01-3(D). See Soliman v. Soliman, 12 Va. App. 234, 240, 402 S.E.2d 922, 926 (1991). "If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent." Mejia v. Commonwealth, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996).

Rule 3A:17 is entitled Jury Verdicts and 3A:17(c) is sub-headed, "Conviction of Lesser Offense." These headings give some indication of the rule-maker's intent and the subject matter of the rule. The first sentence is a restatement of the law contained in the case law for many years: "The accused may be found not guilty of an offense charged but guilty of any offense . . . that is substantially charged or necessarily included in the charge against the accused." The requirement that the offense be "substantially charged" or "included in the charge"

-24-

indicates that an accusation must have been made against the accused sufficient to meet constitutional requirements; namely, that an indictment, presentment, information, warrant or summons has been issued in accordance with law advising the accused of the charge against him and that the grand jury has found probable cause. The rule denotes that the accused may be found not guilty of any offense charged. However, the accused may be found guilty of any charge that is substantially charged or necessarily included in the charge.

After this rule went into effect in 1972, the Supreme Court has not addressed it specifically, but has decided cases using the terminology of Rule 3A:17(c), namely, "substantially charged and necessarily included in the charge against the accused." See Spear v. Commonwealth, 221 Va. 450, 454-57, 270 S.E.2d 737, 741-42 (1980) (holding a defendant has a right to demand the complaint against him; the court erred in granting any instruction which permitted the jury to find him guilty of any offense other than the charged offense or a lesser-included offense); Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (holding that the court has the duty to instruct the jury on the principles of law applicable to the pleadings and the evidence); Crawford v. Commonwealth, 217 Va. 595, 599, 231 S.E.2d 309, 311-12 (1977) (holding that the indictment must give the accused notice of the nature and character of the offense charged so that he can make his defense and that the indictment

was substantially in the form suggested by the Rules of Court).
See also Edenton v. Commonwealth, 227 Va. 413, 417-18, 316 S.E.2d 736, 738 (1984) (reversing misdemeanor conviction for driving without valid license, holding that the misdemeanor of which defendant was convicted was not substantially charged in indictment and was not lesser-included offense of driving after being declared habitual offender).

"[A] defendant is not entitled to an instruction on an offense for which he is not specifically charged, unless it is a necessarily included lesser offense thereof." Simms v. Commonwealth, 2 Va. App. 614, 617, 345 S.E.2d 734, 735 (1986). See also Crump v. Commonwealth, 13 Va. App. 286, 290, 411 S.E.2d 238, 241 (1991); Taylor v. Commonwealth, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991).

> A lesser included offense is an offense which
> is composed entirely of elements that are
> also elements of the greater offense.  Thus,
> in order for one crime to be a lesser
> included offense of another crime, every
> commission of the greater offense must also
> be a commission of the lesser offense. . . .
>  As an exception to the American rule barring
> merger of criminal offenses, a criminal
> defendant is entitled to jury instructions
> for all lesser included offenses supported by
> the evidence.

Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989) (citing Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (other citations omitted)). See also Crump, 13 Va. App. at 290, 411 S.E.2d at 241; Darnell v. Commonwealth, 12 Va. App. 948, 954, 408 S.E.2d 540, 543 (1991).

The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case or the language of a given indictment. The only offenses which are lesser included are those which are "in their nature constituent parts of the major offense." Even if one offense is committed in almost all cases of the commission of another offense, it is not a necessarily included lesser offense of the other one. Neither the facts charged in the indictment nor those proved at trial determine whether an offense is a necessarily included offense; the determination, instead, is made by examining the elements of the crimes that must be proved in order to sustain a conviction.

Taylor, 11 Va. App. at 652-53, 400 S.E.2d at 795-96 (quoting Stapleton v. Commonwealth, 140 Va. 475, 486, 124 S.E. 237, 241 (1924) (other citation omitted)). See also Crump, 13 Va. App. at 290, 411 S.E.2d at 241.

A substantially similar case is Smith v. Commonwealth, 17 Va. App. 37, 434 S.E.2d 914 (1993). There, a state trooper stopped a tractor trailer driven by Smith for a traffic violation. See id. at 38, 434 S.E.2d at 914. Smith produced an altered registration card and admitted having altered it. See id. The trooper charged Smith with violating Code § 46.2-605, which provides that any person who holds or uses a registration card, knowing it to be altered, shall be guilty of a Class 6 felony. See id.

In a request similar to appellant's, Smith tendered an instruction that would have permitted the jury to find him guilty

of violating Code § 46.2-613(2), a traffic infraction.[5]  Smith "argued that this statute defined a lesser offense included within Code § 46.2-605, or, alternatively, that the charge specified under Code § 46.2-605 substantially charged a violation of Code § 46.2-613(2), and his conviction of the lesser offense was authorized by Rule 3A:17[(c)]."  Id. at 38-39, 434 S.E.2d at 915.  The trial court refused this instruction and held "that the two Code sections defined the same offense, that neither was included within the other, that the choice of the offense charged was a matter of prosecutional discretion, and that the issue on trial was simply whether the offense charged had been proven."  Id. at 39, 434 S.E.2d at 915.

In Smith, we discussed the elements of each offense and found that "proof of either offense does not necessarily prove the other, and neither is included within the other."  Id. at 40, 434 S.E.2d at 915.  Therefore, we held "that Code § 46.2-613 did not define a lesser included offense in the proscription of Code § 46.2-605, or vice versa."  Id. at 40, 434 S.E.2d at 915-16.  After fully discussing the lesser offense language contained in Rule 3A:17(c) and the matter of prosecutional election, we held that "[b]ecause of the disparity of specified elements, an accusation under Code § 46.2-605 neither substantially charged nor necessarily includes a charge under Code § 46.2-613."  Id. at

_____

[5]Code § 46.2-613(2) prohibits the "display" or possession of a registration card by one who knows it is fictitious or knows it has been "canceled, revoked, suspended, or altered."

40, 434 S.E.2d at 916.  Further, we said that "[w]here the evidence supports prosecution under either of two parallel statutes, the Commonwealth has the right to elect under which statute to proceed."  Id. at 41, 434 S.E.2d at 916.  We affirmed the trial court's refusal to give Smith's requested instruction. Id.

In this case, the accused was not entitled to an instruction on accessory after the fact because it was not an offense specifically charged.  It was not an offense composed entirely of elements that are also elements of the greater offense; therefore, it is not a necessarily included offense.  It was not proper for the trial court to give the instruction.

It was improper to give the instruction for another reason. Where the evidence supports prosecution under either of two statutes, such as first degree murder or accessory after the fact in this case, the Commonwealth has the right to elect which statute to proceed upon.  The selection of the statute under which to prosecute is a matter of prosecutorial election.  See Mason v. Commonwealth, 217 Va. 321, 323-24, 228 S.E.2d 683, 684 (1976) (affirming Commonwealth's right to elect between prosecuting crime as misdemeanor or felony).

"[T]he institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion." Bradshaw v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984) (citation omitted).  See also Kauffmann, 8 Va. App. at

410, 382 S.E.2d at 284 (choice of offenses for which appellant will be charged is within Commonwealth attorney's discretion); <u>Davis v. Commonwealth</u>, 4 Va. App. 27, 30, 353 S.E.2d 905, 907 (1987). If the trial court had granted the instruction requested by the accused, it would have deprived the Commonwealth's attorney of his discretion in electing what charges to prosecute.

From the last sentence in Rule 3A:17(c), one could surmise that the trial court may find the accused not guilty of the offense charged, but guilty of being an accessory after the fact. However, the court has this authority only if the previous sentence in the rule has been complied with, namely, that the offense of accessory after the fact has been substantially charged in the pleadings. An accessory after the fact could never be necessarily included in the charge against the accused. In my opinion, this sentence gives the trial court discretion to find the accused guilty of being an accessary after the fact if the pleadings provide for the accusation and the rights of neither the Commonwealth nor the accused will be prejudiced. The parties might consent to an instruction to the jury that they might find the accused guilty as an accessary after the fact. The trial court <u>may</u> find the accused guilty, but this is discretionary with the trial court and must preserve all rights granted to the parties in the Constitution, statutes and rules. In this case, because the trial judge refused to give the instruction, he obviously did not consent to submitting the issue

to the jury.  I find no abuse of discretion in refusing the instruction.

In this case, it is obvious that the elements of first degree murder and accessory after the fact are not the same. Because of this disparity of elements, the accusation of first degree murder neither substantially charges nor necessarily includes the charge of accessory after the fact under Code § 18.2-19.  The trial judge acted properly in refusing the instruction and directing the jury to decide whether the defendant was guilty of first degree murder or not guilty as he pled.  I would affirm.