PRESENT: Carrico, C.J., Compton, Lacy, Hassell, Koontz, and
         Kinser, JJ., and Stephenson, Senior Justice

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 990764    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                        January 14, 2000
PAUL MICHAEL DALTON, JR.

              FROM THE COURT OF APPEALS OF VIRGINIA

     The dispositive issue in this appeal is whether the Court

of Appeals erred in holding that the trial court erred in

refusing to grant an accessory-after-the-fact jury instruction.

                              I

     Paul Michael Dalton, Jr., was tried by a jury in the

Circuit Court of Pittsylvania County upon an indictment charging

the murder of Aubrey Clark Adkins.  The jury found Dalton guilty

of first-degree murder and fixed his punishment at 20 years'

imprisonment.  The trial court entered judgment in accordance

with the verdict.

     At trial, although Dalton had not been charged with being

an accessory after the fact to murder, he requested an

accessory-after-the-fact jury instruction, asserting that the

instruction was supported by the evidence.  The trial court

refused to grant the instruction, concluding that the crime of

being an accessory after the fact was not a lesser-included

offense of the crime of murder.

A panel of the Court of Appeals reversed Dalton's conviction and remanded the case for a new trial. Dalton v. Commonwealth, 27 Va. App. 381, 499 S.E.2d 22 (1998). Subsequently, the Court granted the Commonwealth's petition for a rehearing en banc. Upon rehearing, the Court of Appeals again reversed the judgment and remanded the case for further proceedings. Dalton v. Commonwealth, 29 Va. App. 316, 512 S.E.2d 142 (1999) (en banc). The Court held that a defendant, who has not been charged with the crime of being an accessory after the fact to a charged offense, has a right to an accessory-after-the-fact jury instruction if it is supported by the evidence. Id. at 327-28, 512 S.E.2d at 147. We awarded the Commonwealth this appeal.

II

On December 17, 1995, Aubrey Adkins' body was found in a shallow grave in a wooded area approximately two-tenths of a mile from the nearest State road. Adkins had been killed by a gunshot wound to his right upper chest. He also had been shot in his left side "just above the belt" after his heart had stopped beating.

Ronald Cassady, Matthew Cassady, and Jimmy Cook testified that Dalton confessed to having killed Adkins during the week of December 12, 1995. Ronald Cassady testified that Dalton told him that, "when [Adkins] come down the road, [he] was laying in

2

the road and jumped up when [Adkins] stopped and [he] shot [Adkins]."

Matthew Cassady testified that Dalton told him that "he met . . . [Adkins] on his grandma's road" and that "somehow he got in the car or something and he shot [Adkins]." Matthew also testified that Dalton said he killed Adkins "because [Adkins] raped his sister."

Jimmy Cook testified that, after Dalton drafted a note confessing to the murder, Dalton explained his reasons for the note. According to Cook, Dalton "said he wanted to write a note . . . because he said he done it all by himself, and he didn't want to get his sister or [his sister's boyfriend] . . . blamed for something they didn't do."

A note written and signed by Dalton was introduced into evidence. In the note, Dalton stated that he "did in fact kill [Adkins] . . . and [his sister] and [her boyfriend] did not have inthing [sic] to do with it."

At trial, Dalton denied shooting Adkins. Dalton testified that, on December 12, 1995, he and his sister's boyfriend were sitting in the woods watching his sister attempt to buy marijuana from Adkins. According to Dalton, after his sister exited Adkins' car, he saw his sister's boyfriend approach Adkins and shoot him twice. Dalton stated that the boyfriend "shot [Adkins] one time through the passenger side door, . . .

3

reloaded, . . . walked around and . . . opened the driver's side door[,] and shot [Adkins] again."

Dalton further testified that, after the shooting, he helped the boyfriend place Adkins' body in the trunk of Adkins' car and accompanied the boyfriend as he drove Adkins' car to a remote location in the woods. Dalton stated that, at some point, his sister's boyfriend took money and some marijuana from Adkins' body and divided it among himself, Dalton, and Dalton's sister. "A couple of days later," Dalton helped the boyfriend carry Adkins' body from the trunk of the car to a location in the woods where the boyfriend buried it. Dalton said he wrote his confession note because he "didn't want [his sister] to go to jail."

### III

The Due Process Clauses of the Constitution of the United States and the Constitution of Virginia mandate that an accused be given proper notification of the charges against him. U.S. Const. amend. XIV; Va. Const. art. 1, § 8. Code § 19.2-220 provides, in pertinent part, that an indictment shall be "a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date." An indictment, to be sufficient, must

4

give an accused notice of the nature and character of the charged offense so the accused can make his defense.  Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992), cert. denied, 507 U.S. 933 (1993).

It is firmly established, therefore, that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged.  Thus, neither the Commonwealth nor an accused is entitled to a jury instruction on an offense not charged, unless the offense is a lesser-included offense of the charged offense.

An offense is not a lesser-included offense of a charged offense unless all its elements are included in the offense charged.  Stated differently, an offense is not a lesser-included offense if it contains an element that the charged offense does not contain.  Jones v. Commonwealth, 218 Va. 757, 759, 240 S.E.2d 658, 660, cert. denied, 435 U.S. 909 (1978).

There are three elements to the crime of being an accessory after the fact to a felony.  First, the felony must be complete. Second, the accused must know that the felon is guilty.  Third, the accused must receive, relieve, comfort, or assist the felon. It is essential that the accused, at the time he assists or comforts the felon, has notice, direct or implied, that the felon committed the crime.  Manley v. Commonwealth, 222 Va. 642,

645, 283 S.E.2d 207, 208 (1981); Wren v. Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875).

While convicting an accused of being an accessory after the fact requires proof that the accused provided assistance to a person with knowledge that the person was guilty of a completed felony, no such proof is required to convict an accused of murder. Thus, the crime of being an accessory after the fact contains an element that the crime of murder, the charged offense in the present case, does not contain. Therefore, the crime of being an accessory after the fact is not a lesser-included offense of the crime of murder.

The Court of Appeals acknowledged, and the parties agree, that the crime of being an accessory after the fact is not a lesser-included offense of murder. Dalton, 29 Va. App. at 325, 512 S.E.2d at 146. Nevertheless, relying upon Code § 19.2-286 and Rule 3A:17(c), the Court held that the evidence was sufficient to entitle Dalton to an accessory-after-the-fact jury instruction. Id. at 328, 512 S.E.2d at 148.

Code § 19.2-286 provides the following:

> On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

6

Code § 19.2-286 was formerly Code § 19.1-254.  Former Code § 19.1-254, as it existed prior to its repeal in 1975, provided that "[o]n an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory after the fact." (Emphasis added.)  In 1975, when Title 19.2 of the Code replaced Title 19.1, the statute was changed by substituting the term "accessory thereto" for the term "accessory after the fact."

In deleting the modifier, "after the fact," the General Assembly indicated its intention to eliminate accessories after the fact from the application of Code § 19.2-286.  By limiting the statute's application to accessories before the fact, any conflict between the statute and the notification requirements of due process was avoided.

Rule 3A:17(c) reads as follows:

> The accused may be found not guilty of an offense charged but guilty of an offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused.  When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.

We interpret the last sentence of Rule 3A:17(c) to mean that, even if the accused is acquitted of a felony, he may be found guilty of the separate, misdemeanor crime of being an accessory after the fact.  The rule merely reiterates the proposition that the crime of being an accessory after the fact contains an

7

element that the felony does not contain.  Therefore, it is not a lesser-included offense, and an acquittal of the felony does not preclude a trial on the misdemeanor.

IV

Therefore, we hold that, before a defendant can be tried and convicted of being an accessory after the fact, he must be charged with that offense.  Unless such a charge is specifically made, neither the Commonwealth nor an accused is entitled to an accessory-after-the-fact instruction.

In the present case, Dalton was not charged with being an accessory after the fact to murder.  Therefore, the trial court correctly refused to grant the accessory-after-the-fact instruction, and the Court of Appeals erred in reversing the trial court's judgment.  Accordingly, we will reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals with directions for it to remand the case to the trial court for reinstatement of its judgment.

<u>Reversed and remanded</u>.

JUSTICE KOONTZ, with whom JUSTICE LACY joins, dissenting.

I respectfully dissent.  The issue whether the trial court erred in refusing to grant an accessory after-the-fact jury instruction in this case is properly analyzed in the context of the undisputed circumstances in which the issue arose at the murder trial of Paul Michael Dalton, Jr.  Contrary to the

8

conclusion reached by the majority here, in my view, those circumstances dictate the conclusion reached by the Court of Appeals that the trial court erred.

Dalton was tried by a jury upon an indictment charging him with the murder of Aubrey Clark Adkins.  During the trial, Dalton presented evidence which if believed by the jury established that he was not guilty of the murder but, rather, that he was guilty of the crime of being an accessory after the fact to the murder.  Dalton requested an accessory after-the-fact instruction and the trial court refused to grant it, reasoning that the crime of being an accessory after-the-fact is not a lesser-included offense of the crime of murder. Significantly, the trial court did not determine that the requested instruction was unsupported by credible evidence. Under those circumstances, Dalton was denied a jury instruction on his theory of the case, which was supported by credible evidence.  "It is immaterial that the jury could have reached contrary conclusions.  If a proffered instruction finds any support in credible evidence, its refusal is reversible error." McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975); see also Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986).

Nevertheless, the majority employs a different analysis to reach the legal conclusion that the instruction was properly

refused. First, based upon well established principles of constitutional and statutory law, the majority notes that "[a]n indictment, to be sufficient, must give an accused notice of the nature and character of the offense charged" and that "an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged." Upon this rationale, the majority then concludes that "neither the Commonwealth nor an accused is entitled to a jury instruction on an offense not charged, unless the offense is a lesser-included offense of the charged offense." I agree that the Commonwealth may not effectively ambush the accused with an instruction that would effectively permit the jury to convict an accused for a separate crime not charged in the indictment. However, here Dalton requested the instruction and, thus, his due process rights were not implicated. Rather, without the requested instruction, Dalton was required to run a virtual gauntlet in which the jury would not weigh the evidence that supported his guilt of being an accessory after the fact in conjunction with the evidence that supported his guilt of murder in fixing Dalton's criminal responsibility. Under such circumstances, the jury's search for the truth was materially hampered and that is inconsistent with Dalton's right to a fair trial.

10

Next, the majority concludes that "the crime of being an accessory after the fact is not a lesser-included offense of the crime of murder" and that neither Code § 19.2-286 nor Rule 3A:17(c) provides authority for the requested instruction. While I agree that accessory after the fact is a separate crime and not a lesser-included offense of the crime of murder, I do not agree with the majority's analysis of Code § 19.2-286 and Rule 3A:17(c). Specifically, I disagree with the legislative history analysis employed by the majority to conclude that "[t]he General Assembly indicated its intention to eliminate accessories after the fact from the application of Code § 19.2-286" and the majority's conclusion that the last sentence of the rule "merely reiterates the proposition that the crime of being an accessory after the fact contains an element that the felony does not contain."

Code § 19.2-286 in plain language provides that:

> On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such an indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

(Emphasis added.)

In my view, Code § 19.2-286 statutorily entitles the accused, unlike the Commonwealth, to have the jury instructed on the elements of the separate offense of being an accessory to

11

the crime of murder <u>where credible evidence supports that instruction</u>.  And, as previously stated, such was the circumstance in Dalton's case when he requested such an instruction.

Admittedly, as the majority notes, Code § 19.2-286 was formerly Code § 19.1-254 and prior to a 1975 revision the former statute provided that "[o]n indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, <u>or of being an accessory after the fact</u>."  (Emphasis added).  The majority states that the change in wording from "accessory after the fact" to "accessory thereto" in 1975 represented a legislative determination to eliminate accessories after the fact from § 19.2-286.  The legislative history of that change, however, does not support that conclusion.  The change in language occurred as part of a recodification.  Title 19.1 was recodified as Title 19.2.  A long-standing principle of statutory construction is that, unless specifically noted, there is a presumption that a recodification does not result in substantive changes in the law.  <u>See</u> <u>Waldrop v. Commonwealth</u>, 255 Va. 210, 214, 495 S.E.2d 822, 825 (1998).  This recodification was accompanied by a <u>Report of the Code Commission to the Governor and the General Assembly of Virginia</u>, Revision of Title 19.1 of the Code of Virginia, House Document No. 20 (1975).  That document included

12

special comments for those sections which effected substantive changes and no such comments accompanied the reenacted § 19.2-286. The Report cross-referenced former § 19.2-254 as the source of the recodified § 19.2-286, which included accessory after the fact.

The phrase "accessory thereto" contained in the recodification is not, by its terms, limited to an accessory before the fact. The only conclusion which this inclusive language, the legislative history of the section, and the principle that recodifications do not make substantive changes unless noted supports is that § 19.1-286 includes accessories before and after the fact.

This interpretation is further supported by the language and history of Rule 3A:17(c). This rule specifically stating that when the charged offense is a felony, the accused may be found "guilty of being an accessory after the fact to that felony" has remained virtually unchanged since 1971. Of course in 1971, the language of the Rule, at that time Rule 3A:24, and the language of former § 19.1-254 were entirely consistent. In the early 1980s, the Judicial Council undertook a major review and revision of the Rules of Court. The revision was undertaken to "ascertain conflicts between existing Rules and sections of the Code of Virginia." Report of the Judicial Council to the General Assembly and Supreme Court of Virginia, at 72 (1982).

13

While the Report recommended many areas of change or deletion in the Rules required by legislative changes, the only change regarding the provision at issue here was redesignating the relevant rule from Rule 3A:24 to its current designation of Rule 3A:17(c).  A fair inference from this history is that if the 1975 recodification of former § 19.1-254 contained the substantive change suggested by the majority here, the Rules revision committee would have suggested alteration of language in the rule which was in direct conflict with the statute as interpreted by the majority today.  No such suggestion was made, in my opinion, because there was no change or intent to change the substance of § 19.1-254 when it was recodified as § 19.2-286.

For these reasons, I would affirm the judgment of the Court of Appeals finding that the trial court erred in not granting Dalton's requested jury instruction.