COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


LAMONT ALLEN JOHNSON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1239-00-4          JUDGE G. STEVEN AGEE
                                          JULY 31, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Jane Marum Roush, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on briefs), for
          appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Amy L. Marshall, Assistant Attorney General,
          on brief), for appellee.


     After a jury trial in the Circuit Court of the County of

Fairfax, Lamont Allen Johnson (Johnson) was convicted of robbery

and sentenced to serve an eight-year term of incarceration.

Johnson appeals his conviction averring the trial court erred

for refusing his proffered jury instruction regarding larceny

from the person.  For the following reasons, we affirm the

decision of the trial court.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, only those facts necessary to a disposition of this appeal are recited.  In accordance with well established principles, we consider the evidence in the light most favorable to the Commonwealth, the prevailing party below.

I.

The record discloses that on the evening of December 8, 1999, Suzanne Hudak arrived home, exited her vehicle and began walking towards her townhouse with her handbag over her right shoulder and a tote bag in her left hand.  As Hudak moved toward the sidewalk she noticed Johnson approaching her.  Johnson then asked whether "Jerome" lived nearby.  Hudak replied, "to [my] knowledge, no one by that name lives in one of the townhouses," and then she continued walking towards the stairs to her home.

Despite Hudak's reply, Johnson continued to approach her. As Hudak was on the second or third step of her stairwell, Johnson came up directly behind her and tried to wrench the handbag off her shoulder.  Because the strap was around her arm, Johnson was unable to take the bag from Hudak who had grabbed the stair handrail.

Johnson began to pull at the bag with greater force.  In doing so he yanked Hudak so forcefully that the handrail she gripped with her right hand was pulled out of the cement. Johnson persisted and eventually pulled Hudak and the handbag backward down the stairs, across the sidewalk and into the parking lot.  The force propelled Hudak to fly face down into

-

the pavement resulting in a sprained right wrist, a jammed left ring finger and a severely bruised left knee. Johnson then succeeded in freeing the handbag from Hudak and fled on foot.

On January 18, 2000, a Fairfax County grand jury indicted Johnson charging he "did rob Suzanne Hudak of personal property valued in excess of $1.00."

At Johnson's jury trial, he presented an alibi defense which acknowledged that a "robbery" did occur but he did not commit the offense, as he was elsewhere at the time. Johnson challenged the victim's description of her assailant to police and her identification of him as that assailant. Johnson also provided an alibi witness who testified that the accused was visiting her at a distant location at the time of the robbery. Johnson offered no evidence related to a larceny from Hudak.

At the conclusion of the evidence, the Commonwealth and Johnson proffered jury instructions. The trial judge accepted the Commonwealth's jury instructions regarding robbery. Johnson offered instruction "F" which allowed the jury to find him guilty of larceny from the person if it found the Commonwealth failed to prove the taking was accomplished by the use of a threat or intimidation. The proffered instruction also included direction to the jury as to punishment upon a finding of guilty.

The trial judge informed Johnson's counsel that the instruction was not proper in a bifurcated trial in the following colloquy:

-

[COUNSEL]:  Yes, you're right.  Number "F,"
Your Honor, is a guilt or innocence
instruction primarily with the option of the
jury to find larceny from the person as
opposed to robbery if they find no
intimidation or violence.

THE COURT:  All right.  Well, it's still
it's all mixed up because you've got the
sentencing information.  Even if it is
larceny from the person, it would still be
bifurcated because that would be a felony.

[COUNSEL]:  Yes, Your Honor.

THE COURT:  All right.  I'm going to deny
"F."  . . . .

Johnson did not object to the denial ruling, submit a
corrected version of the instruction, or ask the trial judge to
redact the punishment portion of his proffered instruction.
After reviewing the final proposed instructions, the trial judge
asked counsel, "Are there any other instructions that anyone
wants me to consider at this stage, the guilt/innocence stage?"
Johnson's counsel responded, "The defense has no other
instructions, Your Honor."

                              II.

Johnson alleges on appeal that the trial judge erred in
refusing the instruction, despite its defective bifurcation
language, because larceny from the person is a lesser-included
offense of robbery.  As such, he argues an entitlement to have
the jury instructed on the lesser offense.  It is Johnson's
contention that the lesser-included offense instruction was

                              -

vital to his defense requiring the trial judge to, <u>sua</u> <u>sponte</u>, amend the proffered instruction and submit it to the jury.

The Commonwealth argues Johnson is barred under Rule 5A:18 from raising the issue as he failed to do so in the trial court.

We are cognizant that "'[a] defendant is entitled to have the jury instructed only on those theories of the case that are supported by the evidence.'" <u>Connell v. Commonwealth</u>, 34 Va. App. 429, 436, 542 S.E.2d 49, 52 (2001) (citation omitted); <u>see</u> <u>Stewart v. Commonwealth</u>, 10 Va. App. 563, 570, 394 S.E.2d 509, 513 (1990) (accused not entitled to lesser-included offense instruction inconsistent with theory of defense); <u>see</u> <u>also</u> <u>Delacruz v. Commonwealth</u>, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990) (court must instruct on "defendant's theory of defense," if supported by the evidence). In addition, although the Commonwealth prevailed at trial, when we consider the refusal of the trial judge to give a proffered instruction, "'the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant.'" <u>Seegers v. Commonwealth</u>, 18 Va. App. 641, 643, 455 S.E.2d 720, 722 (1994) (citations omitted).

In the case at bar we find Johnson's contention not properly preserved for our consideration and, therefore, barred by Rule 5A:18. "The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider

-

the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 47, 480, 405 S.E.2d 1, 2 (1991) (en banc)).

In the case at bar, the defendant proffered an erroneous instruction. The trial judge pointed out the error whereupon Johnson agreed that the instruction was erroneous and acquiesced in the trial judge's denial of the instruction. Johnson did not complain of any error to the trial judge, did not request a properly worded instruction similar to that which he proffered, did not argue to the trial judge that larceny from the person is a lesser-included offense of robbery, did not argue the evidence was sufficient for the instruction, and did not argue the instruction was materially vital to his defense.

In Martin, we held that when a defendant tenders a proper lesser-included offense instruction, he or she fully alerts the trial judge and the Commonwealth of his position that sufficient evidence supports granting the instruction. This places an affirmative duty on the trial judge to grant the instruction. Rule 5A:18 does not further require that the defendant "object" after the refusal to grant a proper instruction in order to preserve the issue for appeal. 13 Va. App. at 530, 414 S.E.2d at 404.

-

In cases where it has been held that the proffered defense instruction was erroneously denied, the defense either put on evidence to support the instruction or argued to the trial judge the instruction was proper based on the evidence at trial. See Bryant v. Commonwealth, 216 Va. 390, 219 S.E.2d 669 (1975); Dalton v. Commonwealth, 29 Va. App. 316, 512 S.E.2d 142 (1999); Martin, 13 Va. App. 524, 414 S.E.2d 401.

These circumstances are not present in this case. The proffered instruction was improper on its face. The trial judge was not on notice that larceny from the person was applicable to Johnson's case. Johnson failed to make any argument to that effect. Moreover, his alibi defense at trial contradicted the proffered instruction. Johnson agreed on several occasions that Hudak was the victim of a "robbery" and never mentioned larceny from the person.

In no case has a challenge to the denial of a proffered instruction by a defendant been preserved for appeal where the instruction was inaccurate, contrary to the defendant's evidence and argument, and where the defendant failed to object or argue to the trial judge any basis for error and failed to accept the court's invitation for a correct instruction.

Johnson's citation of Whaley v. Commonwealth, 214 Va. 353, 200 S.E.2d 556 (1973), to argue that the trial judge in this matter had an affirmative duty to sua sponte correct the instruction is misplaced. The decision in Whaley dealt with the

-

denial of fundamental due process by failure to give the basic presumption of innocence instruction and has no nexus to the circumstances of this case. Whaley reaffirmed the rule that a trial judge "is not required to amend or correct an erroneous instruction . . . [unless] the principle of law [involved] is materially vital to a defendant in a criminal case." Id. at 355, 200 S.E.2d at 558.

While an instruction on a lesser-included offense may in some instances be materially vital to a defendant, that is not the case here where Johnson presented an alibi defense to the "robbery" instead of simply pleading "not guilty." Johnson cannot now expect to bootstrap an appellate argument not made to the trial court and escape the imposition of the limits of Rule 5A:18.

Johnson's assignment of error is barred by Rule 5A:18. We affirm the ruling of the trial court and, thereby, affirm Johnson's conviction and sentence.

Affirmed.

-